UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

L. V., a minor, by and through his parent
and guardian, LENARD VANDERHOEF
Plaintiff,

CIVIL CASE NO: 3:16-CV-508

v.

**JURY TRIAL DEMANDED**

CITY OF MARYVILLE and
MARICE KELLY DIXON in his individual
capacity and in his official capacity as an
Officer for the Maryville Police Department,
Defendants.

## **COMPLAINT**

COMES NOW the Plaintiff L.V., by and through his father Lenard Vanderhoef and by and through undersigned counsel, and brings this Complaint against Defendants City of Maryville and Maurice Kelly Dixon for depravation of liberty without due process, assault, false imprisonment, and violations of other State and Federal law.

In support of this Complaint the Plaintiff alleges as follows:

### **Jurisdiction and Venue**

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331. Remedies are provided by 42 U.S.C. § 1983.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the events that form the basis for this Complaint primarily occurred in this district.

**Parties**

3. Plaintiff L.V. is a male minor, citizen and resident of the state of Tennessee, currently residing in Sevier County. He is represented by and through his father Lenard Vanderhoef.

4. Lenard Vanderhoef is a citizen and resident of the state of Tennessee, currently residing in Sevier County.

5. Defendant City of Maryville is a political subdivision of the State of Tennessee, as established and governed by Tennessee State law.

6. Defendant Marice Kelly Dixon is an individual and resident of the state of Tennessee. Upon information and belief Mr. Dixon currently resides in Blount County. At all times relevant to this lawsuit Mr. Dixon was an Officer for the Maryville Police Department. Defendant Dixon is sued both in his individual capacity and in his official capacity as an Officer for the Maryville Police Department.

**Facts**
**Events of May 19, 2016**

7. On May 16, 2016 Officer Marurice Kelly Dixon was involved in a car accident with L.V. Both vehicles involved were personally owned vehicles. Defendant Dixon's vehicle was a pickup pulling a trailer. Immediately after both vehicles came to rest Officer Dixon exited his vehicle with his gun in his hand. Officer Dixon was not wearing a uniform, did not have anything identifying himself as a law enforcement officer on his person or on his vehicle, and he did not verbally identify himself as a law enforcement officer at this time. Instead he approached L.V.'s vehicle in civilian clothes and immediately pointed his gun at L.V. and ordered L.V. to get out of the car. Two of L.V.'s passengers had already exited the vehicle. Officer Dixon then

ordered L.V. and the other two minors to get on the ground. All three complied. The two passengers were in a ditch on the side of the road, while L.V. was on road. Officer Dixon ordered L.V. to lay down, face down on the road, and put his hands on top of his head. The other two minors were forced to kneel in the ditch. All three were held at gunpoint next to their crashed vehicle for at least a minute.

8. All of the acts of defendant Dixon described in the preceding paragraph were unjustified.

9. Officer Dixon never expressed or otherwise indicated any care or concern for the health or injuries suffered by L.V. and his passengers due to the accident.

10. At least four individuals personally witnessed the facts asserted in the preceding paragraphs. Two witnesses were in the car with L.V. at the time of the incident. Both passenger-witnesses are teenaged male brothers and minors identified as N.N. and N.B. A third witness is identified as Devin Hampton. Mr. Hampton was driving another vehicle that was not involved in the accident. Mr. Hampton witnessed both the accident and the actions of Officer Dixon after the accident. Immediately after the accident Mr. Hampton exited his vehicle, intending to assist the accident victims. Upon seeing defendant Dixon waving a gun and yelling angrily, Mr. Hampton got back inside his vehicle. A fourth witness is Martha Keller, a resident of Sevier County Tennessee. Ms. Keller is a teacher. Ms. Keller was driving her own vehicle at the time of the incident. Ms. Keller witnessed both the accident and the actions of Officer Dixon after the accident. Ms. Keller had not met any of the parties before the incident.

11. Upon seeing defendant Dixon dressed in civilian clothes and holding a gun on three teenagers, Ms. Keller confronted Dixon. Dixon yelled at Ms. Keller, telling her to get back in her car, leave the scene, and mind her own business. Ms. Keller refused. Only at this point did Officer Dixon identify himself as a law enforcement officer and showed his badge.

12. L.V. and his passengers were held at gunpoint for several minutes.

13. Upon information and belief, defendant Dixon was motivated by personal malice against the plaintiff because defendant Dixon was angry at L.V. due to the accident.

14. Upon information and belief, the actions taken by Defendants Dixon was performed in his capacity as an Officer for the Maryville Police Department, and while acting under color of law.

## FIRST CAUSE OF ACTION
## Depravation of Liberty without Due Process

15. The actions of the defendants, as set forth in the paragraphs above, which are fully incorporated herein, entitle the plaintiff to a remedy under 42 U.S.C. § 1983 because the defendants have, under color of state law, violated Plaintiff's clearly established rights to due process guaranteed under the Fourteenth Amendment to the United States Constitution as applied to the states and their political subdivisions.

16. Defendant City of Maryville's policies and ordinances are vague, overbroad, and lack sufficient standards and safeguards to curtail the discretion of law enforcement officers, thereby allowing said officers' unbridled discretion to enforce said policies in an ad hoc and discriminatory manner.

17. The defendants, acting under color of law, intentionally deprived the plaintiff of his right to liberty by detaining plaintiff at gunpoint without legal justification.

18. Defendant Dixon acted pursuant to the policies and/or customs of defendant City of Maryville. Alternatively, defendant Dixon acted pursuant to customs and practices so wide spread as to have the force of official policy or law of defendant City of Maryville. Alternatively, defendant City of Maryville's inadequate supervision and training of the defendant Dixon reflects deliberate indifference to the rights of those affected by the acts of defendant Dixon.

19. Defendant Dixon's act of detaining L.V. without a warrant and without probable cause was a taking of liberty without due process.

20. As a direct result of defendants' actions, the plaintiff has suffered direct and immediate violations of his constitutional rights and is therefore entitled to injunctive and declaratory relief, damages, including punitive damages, and reasonable attorneys' fees, pursuant to Federal Rules of Civil Procedure 57 and 65 and 28 U.S.C. § 2201; to redress and remedy the violations, and to prevent irreparable harm and future violations of his rights and the rights of others.

## SECOND CAUSE OF ACTION
### Assault (with a Deadly Weapon)

21. The actions of the defendants, as set forth in the paragraphs above, which are fully incorporated herein, entitle the Plaintiff to a remedy under Tennessee State law because the defendants have, under color of state law, defendant Dixon's actions unmistakably appeared to be an attempted to do harm to L.V., and because defendant Dixon had the present ability to do that harm.

22. While enraged defendant Dixon pointed a gun at L.V.'s head.

23. At the time of the incident defendant Dixon was an agent of defendant City of Maryville and was acting under color of authority granted to Dixon by the City of Maryville.

24. As a direct result of Defendants' actions, Plaintiffs have suffered damages including but not limited to physical and emotional suffering and humiliation.

### THIRD CAUSE OF ACTION
### False Imprisonment

25. The actions of the defendants as set forth in the paragraphs above, which are fully incorporated herein, entitle the plaintiff to relief because said actions constitute false imprisonment.

26. By pointing his gun at L.V.'s head and ordering L.V. to get on the ground defendant Dixon intentionally and unlawfully restrained or detained plaintiff L.V., compelling L.V. to stay on the ground on the road against L.V.'s will.

27. Dixon's act of pointing his gun at L.V.'s head constitutes a threat of force against L.V. if L.V. did not comply with Dixon's orders.

28. At the time of the incident defendant Dixon was an agent of defendant City of Maryville and was acting under color of authority granted to Dixon by the City of Maryville.

29. As a direct result of Defendants' actions, Plaintiffs have suffered damages including but not limited to physical suffering, mental suffering and humiliation, and loss of time.

### Prayer and Relief

WHEREFORE, Plaintiff respectfully demands a jury trial, for judgment in his favor and against the defendants, damages, including actual damages, punitive damages, and/or nominal damages; temporary and permanent injunctive relief; a declaration that the actions of defendants, as described herein, were and are unconstitutional and illegal, and that the same were in contravention of plaintiff's constitutional rights. Due to the intentional and outrageous acts performed by the defendant sued in his individual capacity, said acts in direct violation of the plaintiffs' well-established constitutional rights, the plaintiff requests punitive damages in an amount sufficient to punish said intentional acts and deter such conduct in the future. The plaintiff further ask for judgment that defendants reimburse the plaintiff for his reasonable attorney's fees, expenses, and costs associated with the maintenance of this action, pursuant to 42 U.S.C. § 1988, and all such further relief as the Court may deem just and proper.

Submitted this 21st Day of August, 2016.

\_\_s/Van R. Irion_____
Van R. Irion (TN BPR#024519)
Law Office of Van R. Irion, PLLC
800 Gay St., Ste. 700
Knoxville, TN 37929
(865) 766-4040
van@irionlaw.com
Attorney for the Plaintiff