UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| L.V., a minor, by and through his parent and guardian, LENARD VANDERHOEF, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | No. 3:16-CV-508 |
| CITY OF MARYVILLE and MARICE KELLY DIXON in his individual capacity as an Officer for the Maryville Police Department, ) ) ) ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on Plaintiffs' Motion to Amend Complaint [doc. 25], Defendant City of Maryville, Tennessee's Response in Opposition [doc. 29], and Plaintiffs' Reply [doc. 30]. For the reasons herein, the Court will grant the motion.

### I. BACKGROUND

Plaintiffs bring this action against Defendants under 42 U.S.C. § 1983 for the infringement of their constitutional rights under the Fourteenth Amendment, and they also bring state law claims for assault and false imprisonment. [Compl., doc. 1, at 4–7]. Early in this case, the Court entered a Scheduling Order [doc. 8], in which it informed the parties that "[a]t least one hundred and fifty (150) days before trial all motions for leave to amend the pleadings and add parties must be filed." [*Id.* at 5]. The Court scheduled this case for trial date of January 30, 2018. [*Id.* at 6]. On August 31, 2017, Defendant Officer Dixon

moved for summary judgment. [Dixon Mot. Summ. J., doc. 22]. On September 1, 2017—more than 150 days before trial—Plaintiffs moved to amend their Complaint so they could bring an additional claim, citing new facts that were "revealed during discovery" and previously unknown to them. [Mot. Amend at 1]. Specifically, Plaintiffs requested leave to plead another claim against Defendants under 42 U.S.C. § 1983—one for the infringement of their Fourth Amendment rights—based on Officer Dixon's alleged use of unreasonable force during a seizure. [Proposed Am. Compl, doc. 25-1, ¶¶ 31–40].[1] Days later, the City of Maryville filed for summary judgment, [City of Maryville Mot. Summ. J., doc. 26], and it raised its opposition to Plaintiffs' proposed amendment. It argues that the proposed amendment is futile and substantially prejudicial "at this advanced state of the litigation and after the filing of a dispositive motion." [Resp. at 1].

## II. FEDERAL RULE OF CIVIL PROCEDURE 15

Federal Rule of Civil Procedure 15(a)(2) states that if a party can no longer amend its pleading as a matter of course, it may do so "only with the opposing party's written consent or the court's leave." Rule 15(a)(2) "embodies a 'liberal amendment policy,'" requiring courts to "freely give leave when justice so requires." *Brown v. Chapman*, 814 F.3d 436, 442–43 (6th Cir. 2016) (quotation omitted). To determine whether to grant leave under this liberal policy, courts weigh several factors: "[u]ndue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure

---

[1] Plaintiffs also seek to amend their Complaint to correct "a typographical error," intersperse "factual details" through the general allegations, and make "minor" changes that will permit the allegations to conform to the evidence. [Mot. Amend at 2–3]. The City of Maryville, however, does not expressly contest these issues, only the addition of a new claim.

2

deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 458–59 (6th Cir. 2001) (quotation omitted). While notice and substantial prejudice are "critical factors," *id.* at 459 (quotation omitted), futility in and of itself is "a permissible basis on which to deny leave to amend," *Smith v. United States*, Nos. 3:05-CR-74-TAV-HBG-1, 3:15-CV-70-TAV, 2016 WL 3349298, at *2 (E.D. Tenn. June 15, 2016) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see Midkiff v. Adams Cty. Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005) ("A motion for leave to amend may be denied for futility 'if the court concludes that the pleading as amended could not withstand a motion to dismiss." (quotation omitted)).

### III. ANALYSIS

In arguing that Plaintiffs' proposed amendment is futile, the City of Maryville maintains that Plaintiffs' new claim cannot survive dismissal because it is untimely under the statute of limitations. [Resp. at 2–4]. Both parties agree that Tenn. Code. Ann. subsection 29-20-305(b) is the applicable statute of limitations and requires a plaintiff to bring a claim against a governmental entity within twelve months after it arises. [Resp. at 3; Reply at 2]. Plaintiffs, however, contend that their new claim is not futile because it relates back to their original Complaint and therefore satisfies the relation-back doctrine under Federal Rule of Civil Procedure 15(c). [Mot. Amend at 2; Reply at 2]. As for undue prejudice, the City of Maryville argues that, "as a matter of law," Plaintiffs cannot now request to amend their Complaint because they waited until the filing of a dispositive motion to pursue leave to amend. [Resp. at 5]. The City of Maryville claims that, through

its motion for summary judgment, it has "identifie[d] . . . defects" in the Complaint and provided Plaintiffs with hindsight that led to their motion to amend [*Id.* at 5–6]. It also believes that an amended complaint "at this late juncture could result in the defendants being forced" to retake depositions and refile for summary judgment. [*Id.* at 6]. Plaintiffs, however, attempt to parry this argument by pointing out that their motion is timely under the Court's Scheduling Order. [Mot. Amend at 3].

    **A. Relation Back**

Federal Rules of Civil Procedure 15(c)(B) states that an amendment to a complaint relates back to the original complaint when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrences set out—or attempted to be set out—in the original pleading[.]" Even when the plaintiff's new claim is futile—that is, unable to withstand a motion to dismiss because it is untimely under the statute of limitations—it is still permissible if it satisfies Rule 15(c)(B)'s relation-back criteria. *See Shillman v. United States*, No. 99-3215, 2000 WL 923761, at *5 (6th Cir. June 29, 2000) ("The purpose underlying the 'relation back' doctrine is to permit amendments to pleadings when the limitations period has expired." (citation omitted)). The plaintiff has the burden of showing that an amendment satisfies Rule 15(c)(B)'s criteria. *Shilling v. Corrs. Corp. of Am.*, No. 1:16 CV 873, 2016 WL 3952118, at *3 (N.D. Ohio July 22, 2016); *Hiler v. Extendicare Health Network, Inc.*, No. 5:11-CV-192-REW, 2013 WL 756352, at *3 (E.D. Ky. Feb. 26, 2013). To discharge this burden, the plaintiff typically has to establish "an identity" between the new claim and the original allegations "with regard to [1] the general wrong

suffered and with regard to [2] the general conduct causing such wrong." *Durand v. Hanover Ins. Grp., Inc.*, 806 F.3d 367, 375 (6th Cir. 2015) (quotation omitted).

Plaintiffs argue that their new claim relates back to the original allegations because it is "a constitutionally-based legal theory that is based completely upon facts that were pled in their original complaint," and they are exactly right. [Reply at 4]. Plaintiffs cull their new claim from their Complaint's allegations concerning Officer Dixon's unlawful use of his gun on May 19, 2016. [*Compare* Compl. ¶ 7 (describing how Officer Dixon pointed his gun at Plaintiff L.V.), *with* Am. Compl. ¶¶ 33–35 (alleging that Officer Dixon infringed Plaintiff L.V.'s Fourth Amendment rights when he pointed his gun at him)].[2] By relying on their original Complaint's allegations to erect their new claim, they succeed in illustrating that the same general conduct from their Complaint comprises the alleged misconduct in their new claim. *See Miller v. Am. Heavy Lift Shipping*, 231 F.3d 242, 249–50 (6th Cir. 2000) (concluding that the plaintiff "alleged the very same general set of facts in the amended complaints as he did in the original ones" and the plaintiff's new claims therefore satisfied the relation-back doctrine under Rule 15(c)). In addition, as Plaintiffs point out, the general wrong stemming from Officer Dixon's alleged misconduct—both in the new claim and the original Complaint—is a constitutional violation. [*Compare* Compl. ¶ 15 (pleading a violation of Plaintiffs' Fourteenth Amendment rights), *with* Am. Compl.

---

[2] As for the new facts that Plaintiffs claim were "revealed during discovery" and underlie their new claim, [Mot. Amend at 1], Plaintiffs appear to be referring to Officer Dixon's recent testimony regarding how the Maryville Police Department trained him to use his gun—testimony that, according to Plaintiffs, underscores the Maryville Police Department's failure to train its police officers, [*see* Am. Compl. ¶ 36].

5

¶ 31 (pleading a violation of Plaintiffs' Fourth Amendment rights). Plaintiffs therefore meet their burden under Rule 15(c)(B), establishing that their new claim relates back to their original Complaint.

### B. Substantial Prejudice

As an initial matter, Plaintiffs' motion complies with the Scheduling Order, having been filed at least 150 days before the trial date. Despite this fact, the City of Maryville takes issue with it, by relying on *Szoke v. United Parcel Service of America, Inc.*, 398 F. App'x 145 (6th Cir. 2010). Without providing the Court the benefit of any legal analysis, the City of Maryville summons a single line from this case: the Sixth Circuit's statement that "[w]e have held that a Defendant suffers substantial prejudice when a Plaintiff waits until after the filing of a summary judgment motion to file a motion to amend." *Id.* at 153 (citations omitted). Plaintiffs, however, filed their motion to amend *before* the City of Maryville filed its motion for summary judgment. While true, Plaintiffs did file their motion after the second defendant—Officer Dixon—moved for summary judgment in his individual capacity, the Court is unable to see how the City of Maryville suffers prejudice under this scenario. Any argument that Plaintiffs' motion to amend is a prophylactic measure to shore up defects in the Complaint—defects that were unknown to them before the motion for summary judgment—would make sense only if it came from Officer Dixon in his individual capacity, not from the City of Maryville in its municipal capacity.

Besides, the Court is unconvinced that the Sixth Circuit's statement in *Szoke* is as broad as the City of Maryville would like it to be. In *Szoke*, the plaintiffs moved to amend

their complaint not only while a motion for summary judgment was pending but also after the district court had granted partial summary judgment. *Id.* Against this backdrop, the plaintiffs requested leave to amend so they could raise a new legal theory, which happened to require the addition of a new defendant to the case. *Id.* But the plaintiffs had waited roughly three years to move to amend, despite having known during this time that they might have sued the wrong party from the start. *Id.* The district court denied the motion, based on a repeated failure to cure defects in the complaint,[3] undue delay, and substantial prejudice, and the Sixth Circuit affirmed the district court's decision for these same reasons. *Id.* at 149, 153.

The facts in *Szoke* bear virtually no resemblance to those here. First, Plaintiffs' motion to amend, unlike the plaintiffs' motion in *Szoke*, is their initial pass at an amended pleading, so they have not repeatedly failed to rectify defects in their Complaint. Second, the City of Maryville does not argue that Plaintiffs are guilty of undue delay in pursuing their amendment, nor can it make this argument because Plaintiffs' motion is timely under the Court's Scheduling Order. In this vein, the Court is unwilling to accept an argument that a party's compliance with its Scheduling Order creates a scenario in which substantial prejudice can befall another party. A scheduling order, in fact, has the *opposite* effect, resulting in "the orderly preparation of a case for trial." *Washington v. Arapahoe Cty. Dep't of Soc. Servs.*, 197 F.R.D. 439, 441 (D. Colo. 2000) (citation omitted); *see also Birge v. Dollar Gen. Corp.*, No. 04-2531 B, 2006 WL 133480, at *1 (W.D. Tenn. Jan. 12, 2006)

---

[3] The plaintiffs in *Szoke* had amended their complaint earlier in the litigation and, despite that amendment, failed to correct the deficiencies at issue. *Szoke*, 398 F. App'x at 152–53.

7

("[A] court's scheduling order is not a frivolous piece of paper . . . . [and is] critical in moving cases to a just outcome[.]" (quotation and citation omitted)). The Scheduling Order's deadlines have been affixed to this case since its inception. They do not take the City of Maryville by surprise. Because Plaintiffs' motion to amend is timely, the City of Maryville faces no prejudice from it, much less substantial prejudice. If the City of Maryville would like to move to amend the Scheduling Order and continue the trial date—to give itself time to perform additional discovery as to Plaintiffs' new claim and possibly supplement its motion for summary judgment—the Court will be glad to consider its request.

### IV. CONCLUSION

Plaintiffs' new claim relates back to the allegations in their original Complaint, and the City of Maryville suffers no prejudice from their request to amend their Complaint to include this new claim. Rule 15(a)(2)'s liberal policy therefore favors the granting of their request, and Plaintiffs' Motion to Amend Complaint [doc. 25] is **GRANTED**. The Court will enter an order consistent with this opinion.

**IT IS SO ORDERED.**

ENTER:

s/ Thomas W. Phillips
United States District Judge