UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

L. V., a minor, by and through his parent
and guardian, LENARD VANDERHOEF
Plaintiff,

v.

CITY OF MARYVILLE and
MARICE KELLY DIXON in his individual
capacity and in his official capacity as an
Officer for the Maryville Police Department,
Defendants.

CIVIL CASE NO: 3:16-CV-508

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW the Plaintiff L.V., by and through his father Lenard Vanderhoef and by and through undersigned counsel, and brings this Complaint against Defendants City of Maryville and Maurice Kelly Dixon for depravation of liberty without due process, assault, false imprisonment, and violations of other State and Federal law.

In support of this Complaint the Plaintiff alleges as follows:

### Jurisdiction and Venue

1. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331. Remedies are provided by 42 U.S.C. § 1983.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the events that form the basis for this Complaint primarily occurred in this district.

### Parties

3. Plaintiff L.V. is a male minor, citizen and resident of the state of Tennessee, currently residing in Sevier County. He is represented by and through his father Lenard Vanderhoef.

4. Lenard Vanderhoef is a citizen and resident of the state of Tennessee, currently residing in Sevier County.

5. Defendant City of Maryville is a political subdivision of the State of Tennessee, as established and governed by Tennessee State law.

6. Defendant Marice Kelly Dixon is an individual and resident of the state of Tennessee. Upon information and belief Mr. Dixon currently resides in Blount County. At all times relevant to this lawsuit Mr. Dixon was an Officer for the Maryville Police Department. Defendant Dixon is sued both in his individual capacity and in his official capacity as an Officer for the Maryville Police Department.

### Facts
### Events of May 19, 2016

7. On May 19, 2016 Officer Marurice Kelly Dixon was involved in a car accident with L.V. Both vehicles involved were personally owned vehicles. Defendant Dixon's vehicle was a pickup pulling a trailer. Immediately after both vehicles came to rest Officer Dixon exited his vehicle with his gun in his hand. Officer Dixon was not wearing a uniform, did not have anything identifying himself as a law enforcement officer on his person or on his vehicle, and he did not verbally identify himself as a law enforcement officer at this time. Instead he approached L.V.'s vehicle in civilian clothes and immediately pointed his gun at L.V. and ordered L.V. to get out of the car. One of L.V.'s passengers had already exited the vehicle and was attempting to

2 of 10

assist his younger brother, the third occupant of L.V.'s vehicle, out of the back seat. Officer Dixon then ordered L.V. and the other two minors to get on the ground. All three complied. Neither L.V. nor either of his two passengers had any weapon of any kind. No weapon was in L.V.'s vehicle. Neither L.V. nor his passengers made any threat toward Officer Dixon. None knew Dixon was nearby pointing his gun at them until Officer Dixon began yelling at them. Dixon later claimed that he thought L.V.'s passenger was reaching for a weapon, but Dixon failed to include this critical fact in his statement at the scene and didn't make this assertion until after this lawsuit was filed. Dixon drew his weapon before exiting his own vehicle and before seeing L.V. or either of his passengers. Dixon had no knowledge of L.V. or his two passengers prior to the accident. The two passengers were in a ditch on the side of the road, while L.V. was on road. Officer Dixon ordered L.V. to lay down, face down on the road, and put his hands on top of his head. The other two minors were forced to kneel in the ditch. All three were held at gunpoint next to their crashed vehicle for at least a minute.

8. All of the acts of defendant Dixon described in the preceding paragraphs were unjustified.

9. Officer Dixon never expressed or otherwise indicated any care or concern for the health or injuries suffered by L.V. and his passengers due to the accident.

10. At least four individuals personally witnessed the facts asserted in the preceding paragraphs. Two witnesses were in the car with L.V. at the time of the incident. Both passenger-witnesses are teenaged male brothers and minors identified as N.N. and N.B. A third witness is identified as Devin Hampton. Mr. Hampton was driving

another vehicle that was not involved in the accident. Mr. Hampton witnessed both the accident and the actions of Officer Dixon after the accident. Immediately after the accident Mr. Hampton exited his vehicle, intending to assist the accident victims. Upon seeing defendant Dixon waving a gun and yelling angrily, Mr. Hampton got back inside his vehicle. A fourth witness is Martha Keller, a resident of Sevier County Tennessee. Ms. Keller is a teacher. Ms. Keller was driving her own vehicle at the time of the incident. Ms. Keller did not see the accident, but heard it. Ms. Keller did see the actions of Officer Dixon immediately after the accident. Ms. Keller had not met any of the parties before the incident.

11. Upon seeing defendant Dixon dressed in civilian clothes and holding a gun on three teenagers, Ms. Keller confronted Dixon by telling him that he needed to calm down. Dixon yelled at Ms. Keller, telling her to get back in her car, leave the scene, and mind her own business. Ms. Keller refused. Only at this point did Officer Dixon identify himself as a law enforcement officer and showed his badge.

12. Officer Dixon identified himself as a Police Officer, to Ms. Keller, in order to have Ms. Keller follow his orders to mind her own business, get back in her car, and leave the scene. Officer Dixon asserted the authority of Maryville Police Department by identifying himself as a Maryville Police Officer, by showing his badge, and by following that identification with instructions to the Plaintiff and other civilians.

13. L.V. and his passengers were held at gunpoint for several minutes.

14. Upon information and belief, defendant Dixon was motivated by personal malice against the plaintiff because defendant Dixon was angry at L.V. due to the accident.

15. Upon information and belief, the actions taken by Defendants Dixon was performed in his capacity as an Officer for the Maryville Police Department, and while acting under color of law.

## FIRST CAUSE OF ACTION
### Depravation of Liberty without Due Process

16. The actions of the defendants, as set forth in the paragraphs above, which are fully incorporated herein, entitle the plaintiff to a remedy under 42 U.S.C. § 1983 because the defendants have, under color of state law, violated Plaintiff's clearly established rights to due process guaranteed under the Fourteenth Amendment to the United States Constitution as applied to the states and their political subdivisions.

17. Defendant City of Maryville's policies and ordinances are vague, overbroad, and lack sufficient standards and safeguards to curtail the discretion of law enforcement officers, thereby allowing said officers' unbridled discretion to enforce said policies in an ad hoc and discriminatory manner.

18. The defendants, acting under color of law, intentionally deprived the plaintiff of his right to liberty by detaining plaintiff at gunpoint without legal justification.

19. Defendant Dixon acted pursuant to the policies and/or customs of defendant City of Maryville. Alternatively, defendant Dixon acted pursuant to customs and practices so wide spread as to have the force of official policy or law of defendant City of Maryville. Alternatively, defendant City of Maryville's inadequate supervision and training of the defendant Dixon reflects deliberate indifference to the rights of those affected by the acts of defendant Dixon.

20. Defendant Dixon's act of detaining L.V. without a warrant and without probable cause was a taking of liberty without due process.

21. As a direct result of defendants' actions, the plaintiff has suffered direct and immediate violations of his constitutional rights and is therefore entitled to injunctive and declaratory relief, damages, including punitive damages, and reasonable attorneys' fees, pursuant to Federal Rules of Civil Procedure 57 and 65 and 28 U.S.C. § 2201; to redress and remedy the violations, and to prevent irreparable harm and future violations of his rights and the rights of others.

## SECOND CAUSE OF ACTION
### Assault (with a Deadly Weapon)

22. The actions of the defendants, as set forth in the paragraphs above, which are fully incorporated herein, entitle the Plaintiff to a remedy under Tennessee State law because the defendants have, under color of state law, defendant Dixon's actions unmistakably appeared to be an attempted to do harm to L.V., and because defendant Dixon had the present ability to do that harm.

23. While enraged defendant Dixon pointed a gun at L.V.'s head.

24. At the time of the incident defendant Dixon was an agent of defendant City of Maryville and was acting under color of authority granted to Dixon by the City of Maryville.

25. As a direct result of Defendants' actions, Plaintiffs have suffered damages including but not limited to physical and emotional suffering and humiliation.

## THIRD CAUSE OF ACTION
### False Imprisonment

26. The actions of the defendants as set forth in the paragraphs above, which are fully incorporated herein, entitle the plaintiff to relief because said actions constitute false imprisonment.

27. By pointing his gun at L.V.'s head and ordering L.V. to get on the ground defendant Dixon intentionally and unlawfully restrained or detained plaintiff L.V., compelling L.V. to stay on the ground on the road against L.V.'s will.

28. Dixon's act of pointing his gun at L.V.'s head constitutes a threat of force against L.V. if L.V. did not comply with Dixon's orders.

29. At the time of the incident defendant Dixon was an agent of defendant City of Maryville and was acting under color of authority granted to Dixon by the City of Maryville.

30. As a direct result of Defendants' actions, Plaintiffs have suffered damages including but not limited to physical suffering, mental suffering and humiliation, and loss of time.

## FOURTH CAUSE OF ACTION
### Unreasonable Seizure Done Using Excessive Force

31. The actions of the defendants, as set forth in the paragraphs above, which are fully incorporated herein, entitle the plaintiff to a remedy under 42 U.S.C. § 1983 because the defendants have, under color of state law, violated Plaintiff's clearly established rights to be free from unreasonable seizure as guaranteed under the Fourth Amendment to the United States Constitution as applied to the states and their political subdivisions.

32. The actions of the defendants as set forth in the paragraphs above, which are fully incorporated herein, and the paragraphs to follow, entitle the plaintiff to relief because said actions constitute the use of excessive force against L.V.

33. By pointing his gun at L.V. while L.V. represented no reasonable threat to Dixon, defendant Dixon threatened the use of deadly force against L.V., and endangered

L.V.'s life, without cause or justification. The threat of deadly force was not justified by the circumstances.

34. At the time of the incident defendant Dixon was an agent of defendant City of Maryville and was acting under color of authority granted to Dixon by the City of Maryville.

35. At the time of the incident defendant Dixon was acting in accordance with the training he had been provided by the Maryville Police Department. Specifically, but without limitation, the Maryville Police Department had trained Officer Dixon to point his firearm at a suspect prior to having justification to use deadly force.

36. The training described above reflects the actual policy of the Maryville Police Department, while directly contradicting the written policy of the Maryville Police Department (MPD). Officer Dixon testified that the training he received from the MPD was to point his firearm in the general direction of suspects as soon as he has reason to unholster his firearm. MPD's written policy states, "Officers will never point a firearm at anyone unless they are justified in applying deadly force to that person." MPD's written policy also states, "Officers may point a firearm at or in the general direction of a person or animal only when justified in the use of deadly force." However, Chief Crisp has confirmed that the written policy does not reflect how MPD officers are actually trained, and is not the actual policy of the Department. Chief Crisp confirms that the Department's actual policy is to point a firearm in the general direction of a suspect as soon as the firearm is unholstered.

37. The facts above constitute failure to properly train.

38. Defendant Dixon's actions, in pointing his firearm at L.V., was caused by the MPD's failure to properly train Dixon.

39. Defendant Dixon's actions, in pointing his firearm at L.V., was caused by defendant Dixon following the actual policy established by the MPD.

40. As a direct result of Defendants' actions, Plaintiffs have suffered damages including but not limited to physical suffering, mental suffering and humiliation, and loss of time.

**Prayer and Relief**

WHEREFORE, Plaintiff respectfully demands a jury trial, for judgment in his favor and against the defendants, damages, including actual damages, punitive damages, and/or nominal damages; temporary and permanent injunctive relief; a declaration that the actions of defendants, as described herein, were and are unconstitutional and illegal, and that the same were in contravention of plaintiff's constitutional rights. Due to the intentional and outrageous acts performed by the defendant sued in his individual capacity, said acts in direct violation of the plaintiffs' well-established constitutional rights, the plaintiff requests punitive damages in an amount sufficient to punish said intentional acts and deter such conduct in the future. The plaintiff further ask for judgment that defendants reimburse the plaintiff for his reasonable attorney's fees, expenses, and costs associated with the maintenance of this action, pursuant to 42 U.S.C. § 1988, and all such further relief as the Court may deem just and proper.

Submitted this 31st Day of August, 2017.

   s/Van R. Irion
Van R. Irion (TN BPR#024519)
Law Office of Van R. Irion, PLLC
800 Gay St., Ste. 700
Knoxville, TN 37929
(865) 766-4040
van@irionlaw.com
Attorney for the Plaintiff

10 of 10
Case 3:16-cv-00508-TAV-DCP   Document 38   Filed 10/03/17   Page 10 of 10   PageID #: 596