# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | | |
|---|---|---|
| L.V. a minor, by and through his parent and Guardian, LENARD VANDERHOEF, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:16-CV-508 |
| CITY OF MARYVILE and MAURICE KELLY DIXON in his individual capacity and as an Officer for the Maryville Police Department, | ) ) ) ) | |
| Defendants. | ) | |

## DEFENDANT'S REQUESTS FOR INSTRUCTIONS IN JURY TRIAL

Comes your Defendant, Maurice Kelly Dixon ("Mr. Dixon"), by and through counsel, pursuant to this Court's Scheduling Order and Local Rule 51.1, and respectfully submits the following proposed jury instructions. Mr. Dixon notes that his trial brief will identify which issues he believes are questions of law to be decided by the Court. Instructions regarding questions of law are provided, however, in the event the Court determines that those issues should be submitted to the jury.[1]

---

[1]Because the Sixth Circuit has made clear that the question of qualified immunity should be determined by the judge, no instruction has been provided on that issue. *See Pouillon v. City of Owosso*, 206 F.3d 711, 718 (6th Cir. 2000) ("[T]he question of qualified immunity, which was improperly submitted to the jury under general instructions, is rather a question of law for determination by the judge. Questions of fact may be relevant to this determination . . . but the ultimate question is one of law.").

**T.P.I-Civil 8.01 (Assault – Definition)**

An assault consists of two elements:

1. An intentional attempt or the unmistakable appearance of an intentional attempt to do harm to, or to frighten, another person; and

2. The present ability or the unmistakable appearance of the present ability to do that harm or to cause that fright.

**Authority**

8 Tenn. Prac. Pattern Jury Instr. T.P.I.-Civil 8.01 (2017 ed.).

**T.P.I-Civil 8.03 (Right to Recover)**

A plaintiff who has suffered any bodily harm legally caused by an assault by a defendant is entitled to recover damages from the defendant for that injury.

**Authority**

8 Tenn. Prac. Pattern Jury Instr. T.P.I.-Civil 8.03 (2017 ed.).

## T.P.I.-Civil 8.10 (False Imprisonment – Definition)

False imprisonment is the unlawful violation of the personal liberty of another. It is an intentional and unlawful restraint, confinement, or detention that compels the person to stay or go somewhere against the person's will.

The restraint necessary to create a false imprisonment may result either from the use of force or from a threat of force. The threat may be either stated or implied from all of the circumstances.

**Authority**

8 Tenn. Prac. Pattern Jury Instr. T.P.I.-Civil 8.10 (2017 ed.).

**T.P.I-Civil 8.11 (Arrest by a Law Enforcement Officer Without Warrant)**

A law enforcement officer may, without a warrant, lawfully arrest a person whenever a public offense is committed or a breach of the peace is threatened in the officer's presence.

A law enforcement officer may, without a warrant, lawfully arrest a person at the scene of a traffic accident whenever an officer, based on personal investigation, has probable cause to believe that the driver of a vehicle committed a traffic offense.

**Authority**

T.C.A. § 40-7-103; 8 Tenn. Prac. Pattern Jury Instr. T.P.I.-Civil 8.11 (2017 ed.).

**T.P.I.-Civil 8.12 (Arrest by Private Person)**

A person who is not a law enforcement officer may lawfully arrest another person for a public offense committed in the arresting person's presence.

**Authority**

T.C.A. § 40-7-109; 8 Tenn. Prac. Pattern Jury Instr. T.P.I.-Civil 8.12 (2017 ed.).

**T.P.I.-Civil 8.14 (Reasonable Cause for Arrest)**

In order to find a reasonable cause for the detention of the plaintiff, the defendant must have actually believed, and had a reasonable basis for the belief, that the plaintiff did the act that was the basis for the arrest. That is, the defendant must have examined the situation in the same manner as an ordinarily careful person would have done. Factors to be considered in determining whether a careful examination has been made include:

    1. What information concerning the act was available; and

    2. The source of the information; and

    3. Whether or not the accused had the opportunity to explain the information.

**Authority**

8 Tenn. Prac. Pattern Jury Instr. T.P.I.-Civil 8.14 (2017 ed.).

**T.P.I-Civil (Use of Force in an Arrest by a Private Person)** *modified*

A private person who may lawfully arrest another person may take, seize, or detain the other person by showing an intention to control that person. The use of force is permitted if the force employed:

1. Is not more than the force the detaining person reasonably believed to be necessary to effect the detention; and

2. If the force did not subject the person detained to unnecessary risk of harm.

**Authority**

8 Tenn. Prac. Pattern Jury Instr. T.P.I.-Civil 8.16 (2017 ed.); s*ee* T.C.A. § 40-7-109.

*This instruction has been modified to reflect the facts of this case which demonstrate a brief detention of the Plaintiff, not an arrest.*

**T.P.I-Civil 8.17 (Permissible Damages)**

A plaintiff who has been falsely imprisoned by a defendant is entitled to recover damages from that defendant. In determining compensatory damages, you should consider the following elements if established by the evidence and caused by the false imprisonment:

1. Physical suffering; and

2. Mental suffering and humiliation; and

3. Loss of time or interruption of business; and

4. Reasonable and necessary expenses incurred; and

5. Injury to reputation.

**Authority**

8 Tenn. Prac. Pattern Jury Instr. T.P.I.-Civil 8.17 (2017 ed.).

**T.P.I.—CIVIL 14.01 (Compensatory Damages)**

If, under the Court's instructions, you find that the plaintiff is entitled to damages, then you must award plaintiff damages that will reasonably compensate the plaintiff for claimed loss or harm which has been proven by a preponderance of the evidence, provided you also find it was or will be suffered by the plaintiff and was legally caused by the act or omission [or condition] upon which you base your finding of liability.

In determining the amount of damages, you should consider the following element:

*Pain and suffering*. Pain and suffering is reasonable compensation for any physical pain and discomfort and for mental pain and discomfort suffered by the plaintiff. Mental discomfort includes anguish, grief, shame, or worry.

No definite standard or method of calculation is prescribed by law by which to fix reasonable compensation for pain and suffering. Nor is the opinion of any witness required as to the amount of such reasonable compensation. In making an award for pain and suffering, you shall exercise your authority with calm and reasonable judgment and the damages you fix shall be just and reasonable in light of the evidence.

**Authority**

8 Tenn. Prac. Pattern Jury Instr. T.P.I.-Civil 14.01 (2017 ed.).

## T.P.I-Civil 14.55 (Punitive Damages)

Plaintiff has asked that you make an award of punitive damages, but this award may be made only under the following circumstances. You may consider an award of punitive damages only if you find that the plaintiff has suffered actual damage as a legal result of the defendant's fault and you have made an award for compensatory damages.

The purpose of punitive damages is not to further compensate the plaintiff but to punish a wrongdoer and deter others from committing similar wrongs in the future. Punitive damages are reserved for egregious conduct. Punitive damages may be considered if, and only if, the plaintiff has shown by clear and convincing evidence that a defendant has acted intentionally, recklessly, or maliciously.

Clear and convincing evidence is a different and higher standard than preponderance of the evidence. It means that the defendant's wrong, if any, must be so clearly shown that there is no serious or substantial doubt about the correctness of the conclusions drawn from the evidence.

A person acts intentionally when it is the person's purpose or desire to do a wrongful act or to cause the result.

A person acts recklessly when the person is aware of, but consciously disregards a substantial and unjustifiable risk of injury or damage to another. Disregarding the risk must be a gross deviation from the standard of care that an ordinary person would use under all the circumstances.

A person acts maliciously when the person is motivated by ill will, hatred or personal spite.

If you decide to award punitive damages, you will not assess an amount of punitive damages at this time. You will, however, report your finding to the court.

**Authority**

8 Tenn. Prac. Pattern Jury Instr. T.P.I.-Civil 14.55A (2017 ed.).

**USE NOTE:**

Tenn. Code Ann. § 29-39-104 supplants the common law of punitive damages and the procedure for awarding punitive damages as set forth in *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896 (Tenn. 1992). The statute requires bifurcation in Tenn. Code Ann. § 29-39-104(a)(2).

**T.P.I-Civil 14.56 (Punitive Damages – Amount)**

You have decided that the plaintiff is entitled to punitive damages. You must now decide the amount of those damages. The plaintiff has the burden of proving by a preponderance of the evidence the amount of punitive damages that you should award.

In making your decision you must consider the instructions I have already given you and also the following:

1. The defendant's net worth and financial condition;

2. The objectionable nature of the defendant's wrongdoing, the impact of the defendant's conduct on the plaintiff, and the relationship of the parties;

3. The defendant's awareness of the amount of harm being caused and the defendant's motivation in causing the harm;

4. The duration of the defendant's misconduct and whether the defendant attempted to conceal the conduct;

5. The amount of money the plaintiff has spent in the attempt to recover the losses;

6. Whether defendant profited from the activity, and if so, whether the punitive award should be in excess of the profit in order to deter similar future behavior;

7. The number and amount of previous punitive damage awards against the defendant based upon the same wrongful act;

8. Whether, once the misconduct became known to the defendant, the defendant tried to remedy the situation or offered a prompt and fair settlement for the actual harm caused; and

9. Any other circumstances shown by the evidence that bears on determining the proper amount of the punitive award.

You have already awarded the plaintiff compensatory damages for the purpose of making the plaintiff whole. The purpose of an award for punitive damages is to punish a wrongdoer and to deter misconduct by the defendant or others.

**Authority**

8 Tenn. Prac. Pattern Jury Instr. T.P.I.-Civil 14.56 (2017 ed.).

## Instruction Regarding Media Coverage / Trial Publicity

I want you to be very careful not to read, watch, or listen to accounts of or comments about this case online, in the newspaper, on television or the radio. I suggest to you that you not even read the newspaper or listen to television or radio news during the trial so that you can be certain to avoid hearing or seeing something you should not hear or see. This is a very important rule that you all must follow because what the media reports is not evidence, nor is it subject to the rigors of the rules we have for evidence or to cross-examination. Such information may be misleading or unfairly prejudicial to one or both sides. Again, this a very important rule and I want you to follow it: Do not read any newspaper stories or online information about this case. Do not watch or listen to any television or radio accounts or reports about this case.

**Authority**

*DeLisle v. Rivers*, 161 F.3d 370, 377 (6th Cir. 1998) (supporting trial court's firm and unambiguous instruction to the jury to avoid any press coverage of the trial).

**SECTION 1983 – Introductory Instruction**

Plaintiff is suing under Section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal constitutional rights under color of state law.

**Authority**

MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE THIRD CIRCUIT at ch. 4, p. 3 (Oct. 2017).

**SECTION 1983 – Elements of Claim**

Plaintiff must prove both of the following elements by a preponderance of the evidence:

    (1) Defendant acted under color of state law; and

    (2) while acting under color of state law, Defendant deprived Plaintiff of a federal

        constitutional right.

**Authority**

*Romanski v. Detroit Entm't, L.L.C.*, 428 F.3d 629, 636 (6th Cir. 2005) ("Section 1983 makes liable only those who, while acting under color of state law, deprive another of a right secured by the Constitution or federal law.").

# SECTION 1983 – Action Under Color of State Law

For an act to be done under color of state law, the person doing the act must have been doing it under the pretense of state law. The key determinant is whether, at the time he was doing the act, the person intended to act in an official capacity or to exercise official responsibilities pursuant to state law. Acts of state officials that fall within the ambit of their personal pursuits do not constitute state action. In the case of a police officer, factors to be considered include:

- whether the defendant was on duty[1]

- whether the defendant was wearing police clothing[2]

- whether the defendant showed a badge[3]

- whether the defendant was driving a police car[4]

- whether the defendant used or was carrying a weapon issued by the police department[5]

- whether the defendant purported to place someone under arrest[6]

- whether the defendant purported to be engaged in official conduct[7]

- whether the defendant identified himself as a police officer[8]

- whether the events took place within the geographic area covered by the defendant's police department[9]

- whether police department regulations provided that the officer was on duty at all times[10]

- whether the plaintiff was aware that the defendant was a police officer[11]

- whether the defendant used his or her official position to exert influence of physical control over the plaintiff[12]

None of the above factors are determinative, however.

For the defendant to be held liable, the specific conduct that caused a deprivation of Plaintiff's constitutional right must have been done under the color of state law.

## Authority

*Waters v. City of Morristown*, TN, 242 F.3d 353, 359 (6th Cir. 2001) ("The key determinant is whether the actor intends to act in an official capacity or to exercise official responsibilities pursuant to state law . . . . Although "under 'color' of law means under 'pretense' of law," the acts of state officials "in the ambit of their personal pursuits" do not constitute state action.").

*Massey v. Hess*, No. 1:05-CV-249, 2007 WL 2725890, at *5 (E.D. Tenn. Sept. 17, 2007) ("[T]he conduct allegedly causing the deprivation of a constitutional right must be 'fairly attributable' to the state, either because the actor is a state official, because he has acted together with or has obtained significant aid from state officials, or because his conduct is otherwise chargeable to the State.").

---

[1] "[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *West v. Atkins*, 487 U.S. 42, 50 (U.S. 1988).

[2] *Neuens v. City of Columbus*, 303 F.3d 667, 670 (6th Cir. 2002).

[3] *Id.*

[4] *Id.*

[5] *Barna v. City of Perth Amboy*, 42 F.3d 809, 817 (3d Cir. 1994) ("While a police-officer's use of a state-issue weapon in the pursuit of private activities will have "furthered" the § 1983 violation in a literal sense, courts generally require additional indicia of state authority to conclude that the officer acted under color of state law.")

[6] *Griffin v. State of Md.*, 378 U.S. 130, 135 (1964) ([The defendant]—in ordering the petitioners to leave the park and in arresting and instituting prosecutions against them—purported to exercise the authority of a deputy sheriff. He wore a sheriff's badge and consistently identified himself as a deputy sheriff rather than as an employee of the park").

[7] *Pickard v. City of Girard*, 70 F.Supp.2d 802, 806 (N.D. Ohio 1999) citing *Mooneyhan v. Hawkins*, 129 F.3d 1264 (Table), 1997 WL 685423 (6th Cir.(Ky.)) at *3.

[8] *Id.* at 135.

[9] *Barna v. City of Perth Amboy*, 42 F.3d 809, 816-7 (3d Cir. 1994).

[10] *Torres v. Cruz*, No. CIV. 90-346(JBS), 1995 WL 373006, at *4 (D.N.J. Aug. 24, 1992); *see also* MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE THIRD CIRCUIT at ch. 4, p. 16 (Oct. 2017).

[11] *Pickard v. City of Girard*, 70 F. Supp. 2d 802, 806 (N.D. Ohio 1999).

[12] *Id.*; *see also* MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE THIRD CIRCUIT at ch. 4, p. 17 (Oct. 2017).

## SECTION 1983 – Deprivation of a Federal Right

I have already instructed you on the first element of the Plaintiff's claim, which requires Mr. Vanderhoef to prove that Mr. Dixon acted under color of state law.

The second element of Plaintiff's claim is that Mr. Dixon deprived him of a federal constitutional right.

**Authority**

MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE THIRD CIRCUIT at ch. 4, p. 17 (Oct. 2017).

## SECTION 1983 – Constitutional Violation

Plaintiff claims that Defendant violated his constitutional protection from unreasonable seizure under the Fourth Amendment by use of excessive force.

A "seizure" occurs when a police officer restrains a person in some way, either by means of physical force or by a show of authority that the person obeys. The parties do not dispute that there was a "seizure" in this case. To show that Plaintiff's constitutional right was violated, Plaintiff must demonstrate that the force Defendant used in effecting the seizure of Plaintiff was objectively unreasonable.

Officers have the right to use some degree of physical coercion, or the threat of physical coercion, to effect a seizure. An officer may draw his weapon during a seizure if that precaution is warranted under the circumstances.

Officers must often make split second judgments about the amount of force that is necessary in circumstances that are tense, uncertain, and rapidly evolving. In determining whether an officer's use of force was reasonable, you should judge it from the perspective of a reasonable officer on the scene in light of the facts and circumstances confronting the officer. The reasonableness of an officer's use of force should not be judged with the benefit of 20/20 hindsight. Deference should be given to the officer's on-the-spot judgment about the level of force necessary in light of the circumstances of the particular case.

Factors to consider in determining whether a particular use of force was reasonable may include:

- the severity of the crime at issue

- the immediacy of the threat posed by the suspect to the officers or others, and

- whether the suspect is actively resisting arrest or attempting to evade arrest by flight.

Plaintiff must prove that Defendant intended to commit the acts in question, but apart from that requirement, Defendant's actual motivation or subject intentions are irrelevant. An officer's intentions, whether good or evil, are irrelevant to the question of whether a use of force was objectively reasonable.

**Authority**

*Dorsey v. Barber*, 517 F.3d 389, 399 (6th Cir. 2008).

*Aldini v. Johnson*, 609 F.3d 858, 865 (6th Cir. 2010).

*Graham v. Connor*, 490 U.S. 386, 396-97 (1989).

## SECTION 1983 – Compensatory Damages

If you find Defendant liable, then you must consider the issue of compensatory damages. You must award Plaintiff an amount that will fairly compensate him for any injury he actually sustained as a result of Defendant's conduct.

Plaintiff must show that the injury would not have occurred without Defendant's act. Plaintiff must also show that Defendant's act played a substantial part in bringing about the injury, and that the injury was either a direct result or a reasonably probable consequence of Defendant's act. There can be more than one cause of an injury. To find that Defendant's act caused Plaintiff's injury, you need not find that Defendant's act was the nearest cause, either in time or space. However, if Plaintiff's injury was caused by a later, independent event that intervened between Defendant's act and Plaintiff's injury, Defendant is not liable unless the injury was reasonably foreseeable by Defendant.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. Plaintiff has the burden of proving compensatory damages by a preponderance of the evidence. Plaintiff claims the following items of damages:

- Physical harm to Plaintiff during and after the events at issue, including ill health, physical pain, disability, disfigurement, or discomfort, and any such physical harm that Plaintiff is reasonably certain to experience in the future. In assessing such harm, you should consider the nature and extent of the injury and whether the injury is temporary or permanent.

- Emotional and mental harm to Plaintiff during and after the events at issue, including fear, humiliation, and mental anguish, and any such emotional and mental harm that Plaintiff is reasonably certain to experience in the future.

- The reasonable value of each day of confinement after the time Plaintiff would have been

released if Defendant had not taken the actions that Plaintiff alleges.

Plaintiff has a duty under the law to "mitigate" his damages – that means that Plaintiff must take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage caused by the defendant. It is Defendant's burden to prove that Plaintiff has failed to mitigate. So, if Defendant persuades you by a preponderance of the evidence that Plaintiff failed to take advantage of an opportunity that was reasonably available to him, then you must reduce the amount of Plaintiff's damages by the amount that could have been reasonably obtained if he had taken advantage of such an opportunity.

In assessing damages, you must not consider attorney fees or the costs of litigating this case. Attorney fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of any damages.

**Authority**

MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE THIRD CIRCUIT at Ch. 4, p. 80-86 (Oct. 2017).

## SECTION 1983 –Nominal Damages

If you return a verdict for Plaintiff, but Plaintiff has failed to prove compensatory damages, then you must award nominal damages of $1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if [he/she] suffered no actual injury. Nominal damages (of $1.00) are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find actual injury, you must award compensatory damages (as I instructed you), rather than nominal damages.

**Authority**

MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE THIRD CIRCUIT at ch. 4, p. 87-88 (Oct. 2017).

## SECTION 1983 – Punitive Damages

If you have awarded compensatory or nominal damages to Plaintiff, you may consider awarding punitive damages. You may do so in order to punish Defendant, or to deter Defendant and others like him from committing such conduct in the future.

You may only award punitive damages if you find that Defendant acted maliciously or wantonly in violating Plaintiff's federally protected rights.

- A violation is malicious if it was prompted by ill will or spite towards the Plaintiff. A defendant is malicious when he consciously desires to violate federal rights of which he is aware, or when he consciously desires to injure the Plaintiff in a manner he knows to be unlawful. A conscious desire to perform the physical acts that caused Plaintiff's injury, or to fail to undertake certain acts, does not by itself establish that a defendant had a conscious desire to violate rights or injure Plaintiff unlawfully.

- A violation is wanton if the person committing the violation recklessly or callously disregarded the plaintiff's rights.

If you find that Plaintiff has proven that it is more likely than not that Defendant acted maliciously or wantonly in violating Plaintiff's federal rights, then you may award punitive damages. However, an award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them. I will now discuss some considerations that should guide your exercise of this discretion. But remember that you cannot award punitive damages unless you have found that Defendant acted maliciously or wantonly in violating Plaintiff's federal rights.

If you have found that Defendant acted maliciously or wantonly in violating Plaintiff's federal rights, then you should consider the purposes of punitive damages. The purposes of punitive damages are to punish a defendant for a malicious or wanton violation of the plaintiff's federal rights, or to deter the defendant and others like the defendant from doing similar things in the future, or both. Thus, you may consider whether to award punitive damages to punish Defendant. You should also consider whether actual damages standing alone are sufficient to deter or prevent Defendant from again performing any wrongful acts he may have performed. Finally, you should consider whether an award of punitive damages in this case is likely to deter other persons from performing wrongful acts similar to those Defendant may have committed.

If you decide to award punitive damages, then you should also consider the purposes of punitive damages in deciding the amount of punitive damages to award. That is, in deciding the amount of punitive damages, you should consider the degree to which Defendant should be punished for his wrongful conduct toward Plaintiff, and the degree to which an award of one sum or another will deter Defendant or others from committing similar wrongful acts in the future.

In considering the purposes of punishment and deterrence, you should consider the nature of the defendant's action. You should also consider the amount of harm actually caused by the defendant's act, and the harm that could result if such acts are not deterred in the future.

Bear in mind that when considering whether to use punitive damages to punish Defendant, you should only punish Defendant for harming Plaintiff, and not for harming people other than Plaintiff. As I have mentioned, in considering whether to punish Defendant, you should consider the nature of Defendant's conduct – in other words, how blameworthy that conduct was. In some cases, evidence that a defendant's conduct harmed other people in addition to the plaintiff can help to show that the defendant's conduct posed a substantial risk of harm to the general public, and so

was particularly blameworthy. But if you consider evidence of harm Defendant caused to people other than Plaintiff, you must make sure to use that evidence only to help you decide how blameworthy the defendant's conduct toward Plaintiff was. Do not punish Defendant for harming people other than Plaintiff.

The extent to which a particular amount of money will adequately punish a defendant, and the extent to which a particular amount will adequately deter or prevent future misconduct, may depend upon the defendant's financial resources. Therefore, if you find that punitive damages should be awarded against Defendant, you may consider the financial resources of Defendant in fixing the amount of such damages.

**Authority**

MODEL CIVIL JURY INSTRUCTIONS FOR THE DISTRICT COURTS OF THE THIRD CIRCUIT at ch. 4, p. 89-101 (Oct. 2017).

**CONCLUSION**

Mr. Dixon respectfully reserves the right to withdraw or supplement these requests for jury

instructions based upon any additional issues raised and the actual evidence adduced at trial.

Respectfully submitted this 29th day of December, 2017.

**PAINE | BICKERS LLP**

/s/ Matthew J. Evans
Matthew J. Evans (BPR #017973)
Lindsey M. Collins (BPR #033426)
2200 Riverview Tower
900 South Gay Street
Knoxville, TN 37902
(865) 525-0880

## CERTIFICATE OF SERVICE

I hereby certify that on December 29, 2017, a copy of the foregoing was filed electronically.

Notice of this filing will be sent by operation of the Court's electronic filing system to all parties

indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail.

Parties may access this filing through the Court's electronic filing system.

/s/ Matthew J. Evans
TN BPR #017973

**PAINE | BICKERS LLP**
900 South Gay Street, Suite 2200
Knoxville, TN 37902-1821
Phone: (865) 525-0880

*Counsel for Defendant Maurice Kelly Dixon*