UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

LOGAN VANDERHOEF,                    )
                                     )
              Plaintiff,             )
                                     )
v.                                   )        No. 3:16-CV-508-TAV-DCP
                                     )
MAURICE K. DIXON,                    )
                                     )
              Defendant.             )

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the referral Order [Doc. 134] of the District Judge.

Now before the Court are Plaintiff Logan Vanderhoef's Renewed Motion for Attorney Fees and Costs [Doc. 129] and Defendant's Motion for Payment of Judgment into Court [Doc. 132]. Defendant responded in opposition [Doc. 131] to Plaintiff's motion for attorney fees, and Plaintiff subsequently filed a Reply [Doc. 135]. In his reply, Plaintiff includes an adjustment in the amounts requested in his original motion [Doc. 129] to reflect an additional $3,535 in attorney's fees for preparation of the reply. Defendant's Motion for Payment of Judgment into Court [Doc. 132] offers to pay to the Clerk of Court the judgment amount of $1,500 while Plaintiff's motion for attorney's fees is pending.

Accordingly, for the reasons more fully explained below, the Court **RECOMMENDS** that the Plaintiff's Motion [**Doc. 129**] be **GRANTED IN PART AND DENIED IN PART**. Specifically, the Court **RECOMMENDS** that the Plaintiff be awarded a total amount of $90,447.30 in attorney's fees and $2,562.35 in costs. Additionally, the Court **RECOMMENDS** that Defendant's Motion [**Doc. 132**] be **DENIED AS MOOT**.

# I. BACKGROUND

Plaintiff filed a complaint in this Court on August 17, 2016, against Defendant Dixon in his individual and official capacities, as well as against the City of Maryville, under 42 U.S.C. § 1983, asserting violations of his right to due process and state law assault and false imprisonment claims. [Doc. 1]. Plaintiff's claims stem from an incident on May 16, 2016, where Plaintiff crashed his car into Defendant's vehicle, and Defendant—an off-duty, part-time reserve officer for the Maryville Police Department—responded by holding Defendant and his passengers at gunpoint for about two minutes. [*Id.*]. The Court subsequently granted Plaintiff's motion to amend his complaint to include an excessive force claim. [Doc. 34].

As Plaintiff was a minor at the time of the filing of the lawsuit, his father was initially named as the plaintiff in his capacity as guardian. However, after Plaintiff was no longer a minor, he was substituted as the party plaintiff in this case. [Doc. 88]. Additionally, the Court granted in part and denied in part Defendants' motion for summary judgment, dismissing Plaintiff's substantive due process claim, and finding that the City of Maryville was entitled to immunity from Plaintiff's claims. [Doc. 45]. The City of Maryville was then terminated as a party, and subsequently, on March 8, 2018, the parties agreed to terminate Defendant Dixon, in his official capacity as an officer for the Maryville Police Department.

On March 22, 2018, the jury returned a verdict against Defendant in his individual capacity, finding that Defendant had violated Plaintiff's Fourth Amendment rights and awarding $500 in damages for the § 1983 claim, as well as finding that Defendant's actions constituted assault and unlawful imprisonment and awarding $500 for each state law claim. [Doc. 103]. Plaintiff filed a Motion for Attorney Fees and Costs on March 30, 2018, seeking $76,435 in fees and $2,562.35 in

2

costs. [Doc. 107]. However, the Court then granted Defendant's Motion for Judgment as a Matter of Law [Doc. 118], finding that Defendant was entitled to qualified immunity. [Doc. 124].

Plaintiff filed an appeal to the Sixth Circuit [Doc. 125], and on August 21, 2019, the Sixth Circuit reversed the granting of Defendant's motion for judgment as a matter of law and remanded the case for a reentry of judgment consistent with the jury's verdict. [Doc. 128]. The Court reentered a judgment in favor of Plaintiff on October 1, 2019. [Doc. 133]. Plaintiff filed his Second Motion for Attorney's Fees [Doc. 129] on September 12, 2019, seeking $104,657 in fees and $2,562.35 in costs. Defendant responded in opposition on September 26, 2019 [Doc. 131], and Plaintiff filed a reply [Doc. 135] to Defendant's response on October 2, 2019, including an increase of $3,535 in fees for preparation of the reply.

## II.    POSITIONS OF THE PARTIES

Plaintiff filed his Renewed Motion for Attorney Fees and Costs [Doc. 129], seeking $104,567 in fees and $2,562.35 in costs. Plaintiff claims that as the prevailing party in his §1983 claim, he is therefore entitled to an award of reasonable attorney's fees under 42 U.S.C. § 1988. In support, Plaintiff states that he "obtained a jury verdict finding that he was deprived of a federally protected right, and that the deprivation was caused by a defendant while acting under color of law." [Id. at 4]. Additionally, Plaintiff claims that the jury's award of only $500 in compensatory damages for his excessive force claim should not diminish the award of attorney's fees, as civil rights actions vindicate important constitutional rights. Plaintiff further alleges that the requested attorney's fees are reasonable, and attaches an invoice reflecting fees and costs charged. [Doc. 129-1].[1]

---

[1] In the submitted billing entries [Doc. 129-1], Plaintiff notes 292.2 hours for a total fee of $105,445, as well as $3,440.34 costs. However, in his motion [Doc. 129], Plaintiff seeks only

3

In further support of his motion, Plaintiff attaches the declaration of his counsel [Doc. 129-2], Attorney Van R. Irion, stating that he has been practicing law for fourteen years, and has been admitted to practice before the United States Supreme Court, the Sixth Circuit Court of Appeals, the Eastern District of Tennessee, and the State of Tennessee. Attorney Irion details that he has handled numerous matters involving questions of constitutional and federal law and is the co-founder and lead counsel for the Liberty Legal Foundation. Additionally, Attorney Irion states that he has also been practicing patent law for the past twelve years. Therefore, Attorney Irion states that he charges an hourly rate of $350 for trial work and $400 for appellate work, and these hourly rates compare favorably to hourly rates charged by other patent attorneys with similar qualifications in the Knoxville market.

Defendant responds [Doc. 131], claiming first that given the *de minimus* damages in this case, the only reasonable award is no attorney's fees, citing *Farrar v. Hobby*, 506 U.S. 103, 115 (1992). Defendant asserts that the nominal damages awarded in the present case highlight Plaintiff's failure to prove an actual injury. Alternatively, Defendant submits that if fees are awarded, any fee must be reduced equivalent to Plaintiff's degree of success. Defendant also claims that the hourly rate of $350 for Plaintiff's counsel is not reasonable for the local market and attaches the declaration of defense counsel stating that his rate is only $250 per hour. [Doc. 131-1]. Defendant asserts that any awarded fees should not include any time entries occurring after a settlement offer in January of 2018, as well as that all time entries related to Plaintiff's claims against the City of Maryville and other unrelated entries should be removed.

---

$104,567 in fees and $2,562.35 in costs, a difference of $878 and $877.99, respectively, in the calculations. No explanation is provided for the reductions.

4

Plaintiff replies [Doc. 135] that no settlement offer pursuant to Federal Rule of Civil Procedure 68 was made in the present case and that Defendant's offer was inclusive of attorney's fees. Additionally, Plaintiff alleges that his prevailing success was not *de minimus*, noting that he achieved total success on appeal. Plaintiff claims that he received more than nominal damages, distinguishing from *Farrar* and other cases cited by Defendant. Plaintiff asserts that the degree of success supports the award of attorney's fees due to the nature of civil right claims, as well as that the requested hourly rate is reasonable due to his counsel's extensive patent experience and the degree to which the litigation at issue prevented him from working for other clients. Lastly, Plaintiff requests an additional $3,535 for fees stemming from Attorney Irion's review of Defendant's response, research, and the preparation of filing of the reply. Therefore, Plaintiff seeks $108,102 in total fees ($104,567 + $3,535) and $2,562.35 in costs. The following is a summary of Plaintiff's request for fees:

| Total Hours | Rate Requested | Total Fee |
|---|---|---|
| 216.4 | $350 | $ 75,740 |
| 74.1 | $400 | $ 29,640 |
| 1.3 | $ 50 | $      65 |
| 0.4 | $  0 | $       0 |
| **292.2** | | **$105,445** |
| | | **Less $878** in requested fees as reflected in Motion for Attorney's Fees [Doc. 129] |
| | | **Plus $3,535** in fees for fees [Doc. 135] |
| | **Total Requested Fee:** | **$108,102** |

| | | Total Costs |
|---|---|---|
| | | $3,440.34 |
| | | **Less $877.99** in requested costs as reflected in Motion for Attorney's Fees [Doc. 129] |
| | **Total Requested Costs:** | **$2,562.35** |

## III.  ANALYSIS

Pursuant to the Civil Rights Attorney's Fees Awards Act, the prevailing party in civil rights actions brought under § 1983 may recover its reasonable attorney's fees under 42 U.S.C. § 1988. *Lefemine v. Wideman*, 568 U.S. 1, 4 (2012).  "[A] court must first determine whether the petitioning plaintiff was the prevailing party." *Wayne v. Village of Sebring*, 36 F.3d 517, 531 (6th Cir. 1994) (citing *Hensley v. Eckerhart*, 461 U.S. 424 (1983)).  A "prevailing party" is one who succeeds on a significant issue "which achieves some of the benefit the parties sought in bringing suit." *Farrar v. Hobby*, 506 U.S. 103, 109 (1992) (quoting *Hensley*, 461 U.S. at 433 (1983).

If the Court determines that Plaintiff is the prevailing party, then it must determine whether the fee request is reasonable. *Wayne*, 36 F.3d at 531.  To be reasonable, a fee must be "adequately compensatory to attract competent counsel yet [ ] avoid[ ] producing a windfall for lawyers." *Gonter v. Hunt Valve Company, Inc.*, 510 F.3d 610, 616 (6th Cir. 2007).  In making this determination, courts start with the "lodestar method," which is "the proven number of hours reasonably expended on the case by the attorney, multiplied by a reasonable hourly rate." *Jordan v. City of Cleveland,* 464 F.3d 584, 602 (6th Cir. 2006); *Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005).  "To arrive at a reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Geier v. Sundquist*, 372 F.3d 784,

6

791 (6th Cir. 2004). The party seeking an award of fees bears the burden of submitting sufficient evidence supporting the hours worked and rates claimed. *Gonter*, 510 F.3d at 617.

The reasonableness of the hours and the rate is determined by considering twelve factors:

> (1) time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time and limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in "similar cases."

*Isabel* at 415–16. "'[T]he most critical factor' in determining the reasonableness of a fee award 'is degree of success obtained.'" *Farrar v. Hobby,* 506 U.S. 103, 114 (1992) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)). Where a plaintiff has obtained excellent results, his attorney should recover a full compensatory fee; if a plaintiff obtains "limited success, the district court should award only that amount of fees that is reasonable in relation to the success obtained." *Isabel*, 404 F.3d at 416 (quoting *Hensley,* 461 U.S. at 435). It is noted, however, that the Sixth Circuit Court of Appeals has "repeatedly rejected mechanical reductions in fees based on the number of issues on which a plaintiff has prevailed." *Deja Vu v. Metro. Gov't of Nashville & Davidson County, Tenn.,* 421 F.3d 417, 423 (6th Cir. 2005). Rather, the Sixth Circuit has stated that:

> [A] court should not reduce attorney fees based on a simple ratio of successful claims to claims raised. When claims are based on a common core of facts or are based on related legal theories, for the purpose of calculating attorney fees they should not be treated as distinct claims, and the cost of litigating the related claims should not be reduced.

7

*Id.* (quoting *Thurman v. Yellow Freight Sys., Inc.,* 90 F.3d 1160, 1169 (6th Cir. 1996) (citation omitted)).

With respect to Plaintiff's request for attorney's fees after his successful appeal, the Sixth Circuit has stated that the district court is the appropriate forum for "issues concerning the award of attorney's fees for the prosecution of an appeal." *O'Bryan v. Saginaw Cty., Mich.*, 722 F.2d 313, 314 (6th Cir. 1983). The Court also observes that the Sixth Circuit noted, "[t]he District Court is required, if necessary, to conduct an evidentiary hearing in order to inform itself of the facts so that it may rule on the question." *Id.* Here, the Court finds a hearing unnecessary, given that the parties have briefed the motion extensively on several central issues. *See New London Tobacco Mkt., Inc. v. Ky. Fuel Corp.*, No. 12-91-GFVT, 2016 WL 3951086, at *6 (E.D. Ky. July 20, 2016) ("An attorney's 'fee application may be decided without [an evidentiary] hearing,' and such a hearing 'is required only where the district court cannot fairly decide disputed questions of fact on the basis of affidavits and other documentation.'") (quoting *Bldg. Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1402 (6th Cir. 1995)). The Court will analyze each of the disputed issues involving Plaintiff's request for attorney's fees in turn.

### A.    Entitlement to Fees

While Defendant admits that Plaintiff was the prevailing party, he submits that Plaintiff should not receive attorney's fees due to the *de minimus* nature of his success. [Doc. 131 at 2]. "In some circumstances, even a plaintiff who formally 'prevails' under 42 U.S.C. § 1988 should receive no attorney's fees at all [and a] plaintiff who seeks compensatory damages but receives no more than nominal damages is often such a prevailing party." *Farrar v. Hobby*, 506 U.S. 103, 115

8

(1992). Here, Defendant claims that Plaintiff's nominal damages and success demonstrate that he was unable to prove an actual, compensable injury—an essential element of Plaintiff's claim.

Plaintiff responds [Doc. 135] that he received $500 in compensatory damage for his excessive force claim, thus distinguishing his case from *Farrar* and other related cases cited by Plaintiff involving a party "who wins nominal damages." 506 U.S. at 113. Plaintiff states that when actual damages are awarded in § 1983 claims, an award of attorney's fees is appropriate.

The Sixth Circuit has detailed that a plaintiff "crosses the threshold to 'prevailing party' status by succeeding on a single claim, even if he loses on several others and even if that limited success does not grant him the 'primary relief' he sought." *McQueary v. Conway*, 614 F.3d 591, 603 (6th Cir. 2010) (citing *Farrar*, 506 U.S. at 111; *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 790–91 (1989)). Here, the Court finds that Plaintiff was the prevailing party and is entitled to attorney's fees under 42 U.S.C. § 1988 as he did not recover merely "nominal" damages, but was able to prove an "actual, compensable injury." *Imwalle v. Reliance Medical Products, Inc.*, 515 F.3d 531, 556 (6th Cir. 2008) ("Unlike the plaintiff in *Farrar*, Imwalle was able to prove an 'actual, compensable injury.'").

First, despite Defendant's claim to the contrary, Plaintiff did not receive nominal damages. The Sixth Circuit has found that "when a plaintiff wins more than mere nominal damages, a district court will often abuse its discretion by refusing to award attorney's fees." *HLV, LLC v. Van Buren Cty.*, 784 F. App'x 451, 453–54 (6th Cir. 2019). As the Court has previously detailed, the jury awarded Plaintiff $500 for his § 1983 excessive force claim. In *Van Buren*, the Sixth Circuit stated "[w]e have repeatedly applied *Farrar* to affirm district courts' denial of motions for attorney's fees," reviewing that:

> In *Cramblit v. Fikse*, the plaintiff prevailed in her § 1983 suit, but the jury awarded her only nominal damages—$1.00 in

9

compensatory damages and $1.00 in punitive damages. 33 F.3d at 634. She then sought $59,705.00 in attorney's fees. The district court denied her request. *Id.* The plaintiff appealed, arguing that she had been successful in the district court because not only did she seek monetary damages, she also sought "vindicat[ion] [of] of her constitutional rights." *Id.* at 635. We affirmed the district court's denial of attorney's fees, concluding that "[her] primary goal ... was to obtain monetary damages." *Id.* We observed that, under *Farrar*, "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." *Id.* (quoting *Farrar*, 506 U.S. at 115, 113 S.Ct. 566). Similarly, in *Glowacki v. Howell Public Sch. Dist.*, 566 F. App'x 451 (6th Cir. 2014), we affirmed the district court's denial of attorney's fees where the plaintiff won declaratory relief and $1.00 in nominal damages. *Id.* at 453, 456; *see also McBurrows v. Michigan Dep't of Transp.*, 159 F. App'x 638, 641 (6th Cir. 2005) (affirming denial of attorney's fees where plaintiff won $1.00 in damages); *Pouillon v. Little*, 326 F.3d 713, 715 (6th Cir. 2003) (reversing the district court's grant of attorney's fees to a plaintiff who sought compensatory and punitive damages but won only $2.00).

784 F. App'x at 453. Therefore, the jury's award of $500 in compensatory damages reflects that Plaintiff received more than nominal damages as defined under Sixth Circuit precedent, and thus Defendant has not established that Plaintiff failed to prove an essential element of his claim for monetary relief. *See, e.g.*, *Brooksbank v. Koch*, No. 3:16-CV-668-JHM, 2019 WL 7407401, at *2 (W.D. Ky. Apr. 15, 2019) ("Therefore, the Court finds that *Farrar*'s discussion with respect to nominal damages and a 'no fee' attorney's fee award is not applicable here because the jury awarded the Plaintiff compensatory damages.").

Further, in *Hescott v. City of Saginaw*, 757 F.3d 518 (6th Cir. 2014), the Sixth Circuit explained that "[a]lthough § 1988 uses permissive language regarding fee awards, 'the Supreme Court has read [§ 1988] as mandatory where the plaintiff prevails and special circumstances are absent.'" 757 F.3d at 523 (quoting *Déjà Vu v. Metro. Gov't of Nashville & Davidson Cty., Tenn.,* 421 F.3d 417, 420 (6th Cir. 2005)). In such cases, the "non-prevailing defendant bears the

burden 'to make a strong showing that special circumstances warrant a denial of fees.'" *Id.* (quoting *Déjà Vu,* 421 F.3d at 421–22). In applying this case-by-case approach, "courts have made clear that special circumstances should not be easily found." *Id.* (quoting *Cleveland v. Ibrahim,* 121 Fed. Appx. 88, 90 (6th Cir. 2005) (collecting cases)). Here, the Court notes the unique nature of civil rights litigation and the importance of vindicating a plaintiff's constitutional rights. Defendant has failed to detail sufficient special circumstances that warrant the denial of fees under § 1988, and the Court finds that Plaintiff is entitled to an award of attorney's fees. *Cf. Van Buren*, 784 F. App'x at 454 ("The instant case falls under *Farrar* rather than *Hescott* because the jury awarded nominal damages to HLV, not simply a lower figure than what the plaintiff originally sought.").

### B. Reasonable Hourly Rate

Plaintiff requests that the Court award Attorney Irion $350 per hour for all entries billed prior to his appeal, and $400 per hour for all appellate work. In support of this request, Plaintiff has submitted a copy of his billing entries from June 6, 2016 through September 9, 2019 [Doc. 129-1], as well as Attorney Irion's affidavit detailing his experience and qualifications [Doc. 129-2]. Additionally, Plaintiff asserts that Attorney Irion properly charges higher fees for appellate work because of its unique nature and the increased scrutiny of appellate briefing. [Doc. 129 at 9].

Defendant challenges the requested hourly rate of $350, claiming it is not a reasonable rate for the Knoxville area. [Doc. 131 at 4]. Defendant attaches the declaration of his counsel, Attorney Matthew Evans, stating that his rate in this case was $250 per hour. [Doc. 131-1]. Plaintiff responds that Defendant has failed to demonstrate that the requested hourly rate is not a reasonable

11

rate for the local area, and details Attorney Irion's experience as a patent attorney, as well as expertise regarding areas of constitutional law.  [Doc. 135 at 11].

In determining the appropriate hourly rate to apply, the district court must consider the prevailing market rate in the relevant community, which for fee purposes, is the legal community within the court's territorial jurisdiction or venue.  *Brooks v. Invista*, No. 1:05-cv-328, 2008 WL 304893, at *3 (E.D. Tenn. Jan. 30, 2008) (citing *Adcock-Ladd v. Sec'y of the Treasury*, 227 F.3d 343, 349 (6th Cir. 2000)).  It should be at a rate "necessary to cause competent legal counsel to perform the work required."  *EEOC v. Dolgencorp, LLC,* 277 F. Supp. 3d 932, 966 (E.D. Tenn. 2017).  The appropriate or reasonable hourly rate "may not, however, exceed the amount necessary to cause competent legal counsel to perform the work required."  *Id.* (citing *Coulter v. Tennessee*, 805 F.2d 146, 148 (6th Cir. 1986), *abrogated on other grounds by*, *The Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686 (6th Cir. 2016)); *see also Lamar Adver. Co. v. Charter Township of Van Buren*, 178 F. App'x 498 (6th Cir. 2006) ("Even if it would be reasonable to award [plaintiff] $370 per hour, the record supports the district court's conclusion that $200 per hour is sufficient to encourage competent lawyers in the relevant community to undertake legal representation.").

First, the Court notes that neither party submitted supporting declarations of third-party attorneys to detail the reasonableness of the requested hourly rate, a common practice before this Court.  However, the Court notes that it has awarded fees upward of $350 for other experienced civil rights attorneys.  *See, e.g.*, *Almanza v. Barr*, No. 3:15-cv-389-TAV-HBG (E.D. Tenn. Apr. 10, 2020) [Doc. 154] (recommending awarded hourly rate of $360 per hour to lead counsel, Attorney Jennifer Morton, in employment discrimination case involving federal employee); *Herring v. SCI Tenn. Funeral Servs, LLC*, No. 2:15-cv-280, 2018 WL 2406008, (E.D. Tenn. May

4, 2018), *report and recommendation adopted by*, 2018 WL 2407192, at *1 (E.D. Tenn. May 24, 2018) (awarding lead attorney with nearly 18 years of experience in civil rights and employment law a $350 hourly rate); *Hunter v. City of Copper Hill, Tenn.*, No. 1:09-CV-238, 2013 WL 5278673, at *5 (E.D. Tenn. Sept. 19, 2013) (awarding hourly rate of $395 to experienced lead counsel in disability, discrimination, and § 1983 claims). In *EEOC v. Dolgencorp*, Magistrate Judge Guyton noted the Declaration of Attorney Wade Davies, "stating that a billable hourly rate of $250-$350 is within a reasonable range in the Knoxville, Tennessee market for attorneys with approximately 10 years of experience who are accomplished in their primary area of practice." No. 3:15-CV-441, 2017 WL 9517513, at *6 (E.D. Tenn. Aug. 7, 2017), *report and recommendation adopted by*, 277 F. Supp. 3d 932 (E.D. Tenn. 2017).

The Court has considered the parties' arguments with respect to Attorney Irion's rate and recommends that his hourly rate be set at $350. A district court may look to "a party's submissions, awards in analogous cases, state bar association guidelines, and its own knowledge and experience in handling similar fee requests." *Van Horn v. Nationwide Pro. & Cas. Ins.*, 436 F. App'x 496, 499 (6th Cir. 2011). Attorney Irion's declaration details his experience and skill handling questions of constitutional law, and the requested hourly rate is commensurate with similar awards to lead counsel in civil rights litigation.

Plaintiff also requests that the Court consider Attorney Irion's expertise as a patent attorney in support of the requested hourly rate, and that "[t]he hours worked on the instant litigation prevented [him] from working for other clients." [Doc. 135 at 11]. In determining the reasonableness of requested attorney's fees, the Sixth Circuit has directed district courts to consider the "time and limitations imposed by the client or the circumstances." *Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005).

13

While the Court considers whether the litigation at issue prevented counsel from working for other clients, Plaintiff fails to cite to case law requiring the consideration of an attorney's expertise in an unrelated practice area while considering the reasonable hourly rate for civil rights litigation. In determining a reasonable hourly rate, "the appropriate rate is not necessarily the exact rate of a particular firm, but the market rate in the venue sufficient to encourage competent lawyers in the relevant community to undertake legal representation." *The Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 715–16 (6th Cir. 2016) (internal citation omitted). Ultimately, the Court finds that Attorney Irion's declaration also details his expertise in federal civil rights litigation, as well as the reasonableness of the requested hourly fee on this basis alone.

However, Plaintiff has failed to satisfy his burden to show that the requested higher hourly rate for appellate work was reasonable. *See, e.g.*, *Multiplan, Inc. v. Holland*, No. 1:14-CV-315-LG-RHW, 2020 WL 1083154, at *3 (S.D. Miss. Mar. 6, 2020) ("Holland has not provided any justification for proposing higher rates for the work these attorneys performed on appeal."). The cases cited by Plaintiff—*Unice v. Berryhill*, No. 3:16-CV-02469, 2018 WL 3496633 (M.D. Tenn. July 20, 2018), *report and recommendation adopted as modified*, 2018 WL 5871814 (M.D. Tenn. Nov. 9, 2018) and *In re Marriage of Shaban*, 88 Cal. App. 4th 398 (Ca. Ct. App. 2001)—do not support this proposition. First, *Unice v. Berryhill* addresses the appropriate hourly rate for a motion for attorney's fees and costs pursuant to the Equal Access to Justice Act while addressing judicial review of an overpayment of disability benefits under 42 U.S.C. § 405(g). Further, *In re Marriage of Shaban* does not address whether an awarded hourly rate should be higher for appellate work; rather, the California Court of Appeals considered a challenge to the amount of hours billed on appeal. *See* 88 Ca. App. 4th at 408–09. Additional cases within this District have failed to differentiate the awarded hourly rate for appellate work. *See, e.g.*, *L.H. v. Hamilton Cty. Dep't of*

14

*Educ.*, 356 F. Supp. 3d 713, 720-24 (E.D. Tenn. 2019); *Gunter v. Bemis Co., Inc.*, No. 4:16-CV-00037, 2019 WL 3526337, at *7 (E.D. Tenn. July 25, 2019).

Accordingly, the Court recommends that Attorney Irion be awarded $350 per hour for all work performed in this case. Therefore, the 74.1 hours billed for appellate work from April 3, 2018 through September 12, 2019 should be billed at $350 per hour, rather than the requested hourly rate of $400.[2]

### C.    Reasonable Number of Hours Billed

#### 1.    Degree of Success

Plaintiff claims that the requested attorney's fees are reasonable, despite the jury's award of only $500 in compensatory damages for his excessive force claim, because "civil rights actions for damages do not benefit only the individual whose rights were violated, but also 'vindicate important civil and constitutional rights that cannot be valued solely in monetary terms.'" [Doc. 129 at 5 (quoting *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986))].

Defendant challenges the requested attorney's fees, claiming that Plaintiff's "nominal success requires a large adjustment downward of the amount sought." [Doc. 131 at 3]. Defendant asserts that the requested amount in attorney's fees is not reasonable due to Plaintiff's degree of success, as although the "jury awarded Plaintiff just $500 for his § 1983 claim," Plaintiff is currently seeking over $105,000 in attorney's fees. [*Id.*].

Plaintiff responds that under the purpose of § 1988, he should be awarded reasonable attorney's fees because the failure to grant full attorney's fees would prevent attorneys from

---

[2] The Court notes that the submitted billing entries indicate that Plaintiff billed the drafting and filing of the renewed motion for attorney's fees and costs at the requested $400 hourly rate for appellate work. [Doc. 129-1 at 15].

15

accepting civil rights cases, and he attempted to vindicate an important constitutional right—rather than seeking a large award of damages. [Doc. 139 at 7–9].

There is a strong presumption that the amount of fees determined by the lodestar method is reasonable. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986); *Building Serv. Local 47 Cleaning Contractors Pension Plan v. Grandview Raceway*, 46 F.3d 1392, 1401 (6th Cir. 1995). Further, "a reduction in attorney fees [awarded to a prevailing plaintiff] is to be applied only in rare and exceptional cases where specific evidence in the record requires it." *Isabel v. City of Memphis*, 404 F.3d 404, 416 (6th Cir. 2005). However, as the Court has previously stated, "[a]n award based on the total number of hours reasonably expended on the litigation might . . . result in an excessive amount if the claimant has achieved only partial success." *Imwalle v. Reliance Med. Prods. Inc.*, 515 F.3d 531, 552 (6th Cir. 2008) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)).

Where the purpose of the litigation is to recover damages, then the district court must consider the amount and nature of damages awarded when determining attorney fees. *Farrar v. Hobby*, 506 U.S. 103, 114–15 (1992) (citing *Hensley*, 461 U.S. at 436). "'[T]he most critical factor' in determining the reasonableness of a fee award 'is degree of success obtained.'" *Id.* at 114 (quoting *Hensley*, 461 U.S. at 436). However, "[i]n the civil rights area there is no requirement that the amount of an award of attorney's fees be proportional to the amount of the underlying damages." *Grandview Raceway*, 46 F.3d at 1401 (citing *City of Riverside v. Rivera*, 477 U.S. 561 (1986) (upholding an award of attorney fees pursuant to 42 U.S.C. § 1988 for $245,456.25 where the underlying damages award was $33,350)).

Ultimately, "[t]here is no precise rule or formula for making these determinations" regarding the "degree of success" and potential reductions. *Hensley*, 461 U.S. at 436. "When an

16

adjustment is requested on the basis of . . . [the] limited nature of the relief obtained by the plaintiff, the district court should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained." *Id.* at 437; *see also Hines v. City of Columbus, Ohio*, 676 F. App'x. 546, 556 (6th Cir. 2017) ("Indeed, a trial court abuses its discretion when it does not consider the relationship between the fee awarded and the success obtained.").

The Supreme Court has noted, however, that Congress "recognized that reasonable attorney's fees under § 1988 are not conditioned upon and need not be proportionate to an award of money damages." *City of Riverside*, 477 U.S. at 576. "Because damages awards do not reflect fully the public benefit advanced by civil rights litigation, Congress did not intend for fees in civil rights cases, unlike most private law cases, to depend on obtaining substantial monetary relief." *Id.* at 575. The Court therefore considers the jury's award of compensatory damages in connection with Plaintiff's attempt to vindicate an important constitutional right regarding the use of excessive force by government officials. *See, e.g.*, *Brooksbank v. Koch*, No. 3:16-CV-668-JHM, 2019 WL 7407401, at *4 (W.D. Ky. Apr. 15, 2019) ("Here, while the jury did not believe that Plaintiff incurred substantial damages, it did believe that Defendant violated Plaintiff's First, Fourth, and Fourteenth Amendment rights – a vindication of identified policies and rights.").

In this case, Plaintiff was awarded $500 in compensatory damages on his excessive force claim before the jury, which as the Court has previously detailed, exceeds the standard for nominal damages as set forth by the Sixth Circuit. Moreover, after the Court granted Defendant's motion for judgment as a matter of law, Plaintiff appealed to the Sixth Circuit and obtained a full reversal. In doing so, Plaintiff also established new Sixth Circuit precedent regarding the use of force and the issue of qualified immunity. *See Vanderhoef v. Dixon*, 938 F.3d 271 (6th Cir. 2019); *see, e.g.*, *Bryant v. Nighbert*, No. CIV.A.03-183, 2005 WL 2234636, at *7 (E.D. Ky. Sept. 14, 2005)

17

("Considering the overall success of this litigation, including the important social benefits obtained by successful civil rights plaintiffs, the Court determines that no reduction in attorneys' fees is appropriate on the basis of 'results obtained.'").

However, the Court must also consider the ultimate fee awarded by the jury. While Plaintiff admitted that he did not seek large compensatory damages before the jury, the fact remains that he received only $500 in compensatory damages for his excessive force claim despite his request for over $100,000 in attorney's fees. While the Court declines to recommend a reduction of all billing entries related to Plaintiff's dismissed claims against the City of Maryville, the Court must also consider that Plaintiff's substantive due process claim was dismissed prior to trial.

 "The Court 'should award only that amount of fees that is reasonable in relation to the results obtained,'" and "[a]n adjustment due to lack of success usually takes the form of an across-the-board reduction of some percentage of the lodestar." *Hines v. DeWitt*, No. 2:13-CV-1058, 2016 WL 2342014, at *8 (S.D. Ohio May 4, 2016) (quoting *Hensley*, 461 U.S. at 440), *aff'd sub nom.*, *Hines v. City of Columbus, Ohio*, 676 F. App'x 546 (6th Cir. 2017). Additionally, the Court "need not apply any particular formula" in determining any potential reduction "to reflect the result obtained." *Monce v. Marshall Cty. Bd. of Educ.*, No. 1:16-CV-00007, 2019 WL 2269880, at *6 (M.D. Tenn. May 28, 2019); *see Farrar v. Hobby*, 506 U.S. 103, 115 (1992) ("Having considered the amount and nature of damages awarded, the court may lawfully award low fees or no fees without reciting the 12 factors bearing on reasonableness . . . .") (internal citation omitted).

Ultimately, in balancing the nature of civil rights litigation and the award of compensatory damages for Plaintiff's § 1983 claim, the Court declines to recommend an extensive reduction in the requested attorney's fees due to the nature of his success. However, the Court finds that an

18

overall reduction of ten percent to account for the limited success in the litigation of the *Monell*[3] claim against the City of Maryville as well as Plaintiff's substantive due process claim, both of which were dismissed at the summary judgment phase, results in a reasonable fee in relation to the results obtained. The Court finds that such a reduction produces a reasonable total fee in relation to awards in similar cases while also considering the unique procedural posture of the present case. *See Diaz v. Romita*, No. 05-70928, 2007 WL 881509, at *5 (E.D. Mich. Mar. 22, 2007) (awarding $60,150 in fees after $2,000 damage award in excessive-force case); *Bryant v. Nighbert*, No. CIV.A.03-183, 2005 WL 2234636, at *7 (E.D. Ky. Sept. 14, 2005) (awarding $148,391.50 in fees where jury awarded the defendant $25,000 in compensatory damages and his wife $10,000 for the loss of companionship in an excessive force claim). Such a reduction appropriately balances Plaintiff's degree of success with the successful appeal to the Sixth Circuit and the underlying nature of civil rights litigation. *See, e.g.*, *Monce*, 2019 WL 2269880, at *6 (finding reasonable fee constituted $75,000 on case involving compelled drug tests of public employees where jury awarded one dollar on Fourth Amendment claim and $3,640 on Tenured Teacher Act claim, as "Plaintiff achieved a limited result" but "[o]n the other hand, Plaintiff vindicated an important, relatively novel Fourth Amendment right . . . the deprivation of which is not easily quantified"); *Hines*, 2016 WL 2342014, at *7–8 (finding 50% reduction to lodestar amount was appropriate when plaintiff prevailed on one excessive force claim against a police officer, several additional claims were dismissed on summary judgment, the jury only returned a verdict on one of three claims while awarding $30,000 in damages, and "[w]hile Hines has vindicated an important

---

[3] *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978) (holding to prevail on a §1983 *Monell* claim, plaintiffs must show: (1) that they suffered a constitutional violation, and (2) that a municipal policy or custom directly caused the violation).

19

Constitutional right, he achieved only a sliver of the monetary success he sought and only slight more than Defendant offered to settle the case").

## 2. Related Claims

Defendant asserts that the time spent on Plaintiff's unsuccessful claims, including his claims against the City of Maryville, are not recoverable and should be excluded from the lodestar amount. [Doc. 131 at 5]. Defendant maintains that "at least thirty" billing entries related to Plaintiff's failed claims against the City of Maryville, as well as "[a]t least twenty" unrelated billing entries involving grand jury proceedings, should be excluded. [*Id.*].

As the Court has previously detailed, Defendant's motion for summary judgment was granted in part and denied in part, dismissing Plaintiff's substantive due process claim, and finding that the City of Maryville was entitled to immunity for Plaintiff's claims. [Doc. 45].

The Sixth Circuit has provided guidance on whether courts may award attorney's fees on unsuccessful claims, noting "[a] civil-rights plaintiff need not succeed on every claim to recover attorney's fees; success on a single claim is sufficient to become a prevailing party." *Green Party of Tennessee v. Hargett*, 767 F.3d 533, 552 (6th Cir. 2014) (citing *McQueary v. Conway,* 614 F.3d 591, 603 (6th Cir. 2010)). In *Hargett*, the Sixth Circuit further explained that when the unmeritorious claims are based on different facts and legal theories than the meritorious claims, the court must treat them separately and not award fees for the unmeritorious claims. *Id.* (quotations omitted). The Court in *Hargett* continued:

> In contrast, if a plaintiff's unmeritorious and meritorious claims arise out of a common core of facts, and involve related legal theories, a court should not exempt from its fee award the hours spent on the claims that did not succeed. To determine if two claims are related, a court considers whether relief sought on the unsuccessful claim is intended to remedy a course of conduct entirely distinct and separate from that which gave rise to the plaintiff's successful claim.

20

*Id.*; *see, e.g.*, *Jordan v. City of Cleveland*, 464 F.3d 584, 603 (6th Cir. 2006) ("[T]he seminal opinion in *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983), explained that when claims 'involve a common core of facts' or are 'based on related legal theories,' the district court's rejection of certain grounds is not a sufficient reason for reducing a fee.").

The Court has reviewed Defendant's objections and ultimately will not recommend that the hours expended litigating Plaintiff's claims against the City of Maryville be reduced. The Sixth Circuit has found that a district court improperly reduced the numbers of hours spent on "unsuccessful claims against dismissed defendants" when the claims were based upon a common core of facts. *Wayne v. Vill. of Sebring*, 36 F.3d 517, 533 (6th Cir. 1994).

Successful and unsuccessful claims are deemed related when they "involve a common core of facts" are "based on related legal theories" or when counsel's time is "devoted generally to the litigation as a whole, making it difficult to divide the hours expended." *Hensley,* 461 U.S. at 433. Here, the Court finds that Plaintiff's substantive due process claim, as well as his claims against the City of Maryville and Defendant Dixon in his official capacity, are related to his successful excessive force claim. Both Plaintiff's successful and unsuccessful claims stem from Defendant Dixon's use of force on May 16, 2016, and are related to his status as a part-time Maryville Police Department officer. *See Bryant v. Nighbert*, No. CIV.A.03-183, 2005 WL 2234636, at *5–6 (E.D. Ky. Sept. 14, 2005) (finding plaintiff's successful claim against an individual officer involving the use of excessive force was related to unsuccessful claims against the city and defendants in their official capacities that the city had a policy or custom condoning the use of force); *see, e.g.*, *Aragonez v. Huff*, No. EDCV 07-00992 RT, 2010 WL 11506877, at *5–6 (C.D. Cal. Sept. 28, 2010) ("Huff argues that both the excessive force claim and the substantive due process claim should be treated as unrelated to the successful unlawful arrest claim as they arose later in time

21

and place from the facts constituting the unlawful arrest. However, Huff's understanding of relatedness is too narrow . . . Here too, all of plaintiffs' claims arose out of their arrest and detention by Huff and Recatto on August 10, 2005."). Both claims were intended to "remedy" the same "course of conduct." *Hargett*, 767 F.3d at 552. Plaintiff's successful excessive force claim would have also involved research into the City of Maryville's policies and "procedures offered generally by the police department." *Bryant*, 2005 WL 2234636 at *6. Therefore, the Court finds that Plaintiff's claims against the City of Maryville constitute related claims for purposes of the lodestar calculation.

Defendant also briefly challenges several billing entries seemingly related to a petition for grand jury proceedings against Defendant Dixon.[4] 42 U.S.C. § 1988(b) provides that "[i]n any action or proceeding to enforce a provision of sections . . . 1983 . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

In what appears to be a matter of first impression before the Court, the Court notes that in analogous cases involving a § 1983 suit alleging an assault by a police officer, the Sixth Circuit found that § 1988 does not provide for the award of fees for a prior defense of a criminal charge based on the same facts as a subsequent civil rights action. *Greer v. Holt*, 718 F.2d 206, 207–08

---

[4] For reference, the Court notes "that in rare cases a private individual, who is not accompanied by the district attorney's office or law enforcement, petitions the grand jury to issue a presentment based on evidence that a person committed a crime." *State v. Fitzpatrick*, No. E201401864CCAR3CD, 2015 WL 5242915, at *1 (Tenn. Crim. App. Sept. 8, 2015) (also involving Attorney Irion). "The private individual must complete a sworn affidavit outlining the evidence of the offense, which is presented to a panel composed of the grand jury foreperson and two grand jury members." *Id.* "If the panel determines that the information warrants investigation, then the case is presented to the full grand jury." *Id.*

(6th Cir. 1983). The Sixth Circuit noted in *Greer* that "[t]o hold otherwise would amend the statutory language 'any action to enforce' to read 'any action related to an action to enforce.'" *Id.* at 208. Further, a criminal grand jury proceeding is not a related administrative proceeding prescribed by the statute, such as EEOC proceedings and Title VII claims. *See EEOC v. Dolgencorp*, No. 3:15-CV-441, 2017 WL 9517513, at \*8 (E.D. Tenn. Aug. 7, 2017) ("As the Plaintiff emphasizes, however, she is required to exhaust the EEOC process before filing suit and such tasks include counsel pursuing the EEOC charge, communicating and consulting with the EEOC, assessing the strength of the case, developing legal theories, calculating damages, and attempting early settlement."), *report and recommendation adopted by*, 277 F. Supp. 3d 932 (E.D. Tenn. 2017).

Here, the Court finds that unrelated criminal grand jury proceedings are not encompassed by the term "proceeding" within § 1988, and thus are not compensable under 42 U.S.C. § 1988(b). However, the challenged billing entries related to the grand jury proceedings, from July 18, 2016 to December 15, 2016 are intertwined with other compensable billing activities. For example, a billing entry on August 12, 2016 bills 5.1 hours to "[d]raft complaint & petition to appear before the Blount County grand jury; message to client re same." [Doc. 129-1 at 2]. Another billing entry on September 7, 2016 reflects billing 0.8 hours for "[p]one conferences w/process server; review letter from DA Flynn re grand jury scheduling; phone conference w/client re same." [*Id.*]. Similarly, a November 28, 2016 entry bills three hours for "[p]hone conference w/witness re grand jury meeting; Draft discovery responses & requests; phone conference w/ LV re same; message to opposing counsel re extension of time to respond to discovery requests. [*Id.* at 4].

Ultimately, the twenty-three billing entries which include references to grand jury proceedings total 16.9 hours.[5] However, as detailed above, several of these billing entries are combined with entries related to Plaintiff's civil case. Therefore, the Court recommends an overall four-hour reduction for billing entries involving grand jury proceedings unrelated to Plaintiff's § 1983 claim.

### 3. Settlement Offer

Defendant submits that to the extent attorney's fees are awarded, they should be reduced to not include any fees incurred after a settlement offer was made. [Doc. 131 at 4]. Defendant claims that pursuant to *Marek v. Chesny*, 473 U.S. 1 (1985), further fees are unwarranted because Plaintiff's ultimate recovery was less than the original offer. Defendant asserts that a settlement offer of $5,000 was extended to Plaintiff in January 2018 in response to Plaintiff's settlement demand of $75,000. *See* [Doc. 131-1].

Plaintiff replies that under the context of *Marek*, no settlement offer was made under Federal Rule of Civil Procedure 68. [Doc. 135 at 1]. Moreover, Plaintiff submits that any settlement offer under Rule 68 must be in writing, and his informal settlement counteroffer was inclusive of attorney's fees. Therefore, Plaintiff asserts that because his offer "included attorney's fees, the defendants' response, offering $5,000, also was inclusive of reimbursement for plaintiff's attorney's fees as expended at that time." [*Id.* at 3]. Plaintiff claims that if he is awarded costs and more than $845 in attorney's fees, then his total results would be higher than the settlement offer.

---

[5] The Court notes Plaintiff's counsel's billing entries from July 18, July 29, August 3, August 4, August 9, August 12, August 16, August 17, September 7, September 9, September 14, September 15, September 20, September 27, September 29, November 3, November 7, November 16, November 28, December 2, December 5, December 9, and December 15, 2016. [Doc. 129-1].

24

"Rule 68 permits a party defending against a claim to make a pretrial settlement offer, and if the claimant rejects the offer but then obtains a judgment that is less favorable, the claimant 'must pay the costs incurred after the offer was made.'" *Hescott v. City of Saginaw*, 757 F.3d 518, 527 (6th Cir. 2014) (quoting Fed. R. Civ. P. 68). In *Marek*, the Supreme Court held that while a plaintiff's post-offer fees should not be included in the final judgment amount for comparison, pre-offer fees and costs should be included in the calculus under Rule 68. *Marek*, 473 U.S. at 7.

Pursuant to Federal Rule of Civil Procedure 68, a defendant may make an offer of judgment "on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). A plaintiff who does not accept an offer of judgment within fourteen days becomes liable for "costs incurred after the offer was made" in the event that the ultimate judgment is less favorable than the rejected offer. Fed. R. Civ. P. 68(d). If the offer is accepted, the offer and notice of acceptance, as well as proof of service, are filed with the court, and "[t]he clerk must then enter judgment." Fed. R. Civ. P. 68(a).

Here, the Court finds that Defendant has failed to establish that a valid offer of judgment pursuant to Rule 68 was made. *See, e.g.*, *Kritcher v. Prudential Sec., Inc.*, --- F. App'x ---, 2020 WL 548249, at *3 (6th Cir. Feb. 4, 2020) ("That is not the case here. The record contains no offers of settlement from Prudential nor any offer of judgment under Rule 68."). Rather, the record reflects that, at most, the parties engaged in informal settlement negotiations. *See McKelvey v. Sec'y of U.S. Army*, 768 F.3d 491, 498 (6th Cir. 2014) ("Some circuit courts, to be sure, have expressed skepticism of fee reductions based on informal settlement offers . . . We share their concerns. Such discounts should not be applied lightly or applied mechanically."). "The critical feature of . . . [Rule 68] is that the offer be one that allows judgment to be taken against the defendant for both the damages caused by the challenged conduct and the costs then accrued." *Marek,* 473 U.S. at 6 (emphasis removed). Moreover, Plaintiff correctly states that the

award of attorney's fees prior to the offer of settlement, which the Court has already found are warranted, would result in him obtaining a total judgment that is more favorable than the purported settlement offer.

Additionally, while the Court "may consider substantial settlement offers that are rejected in calculating fee awards as part of the 'degree of success' in the litigation," Defendant fails to provide sufficient detail of the context of proposed settlement offers for the Court to consider their rejection. *Kritcher*, 2020 WL 548249, at *3 (citing *McKelvey*, 768 F.3d at 495). Defendant does not provide any details of the proposed settlement, such as whether the offer would include attorney's fees. As Plaintiff had already incurred substantial attorney's fees prior to January 2018, the Court will decline to recommend a reduction of attorney's fees pursuant to Rule 68 or the rejection of any proposed settlement offer.

### 4.    Fees for Fees

Plaintiff also requests additional attorney's fees incurred after the jury verdict for hours expended in litigating fees and other post-trial matters. [Doc. 129]. As detailed in Plaintiff's Renewed Motion for Attorney's Fees [*Id.*], on March 30, 2018, Plaintiff's counsel billed 4.0 hours to "[d]raft & file motion for attorney's fees; message to client re same." [Doc. 129-1 at 13]. Following Plaintiff's successful appeal to the Sixth Circuit, Plaintiff's counsel billed 4.5 hours on September 12, 2019, for "[r]esearch re post-appeal motions for attorney's fees; draft & file renewed motion for attorneys fees and costs." [*Id.* at 15]. Lastly, in his reply to Defendant's response, Plaintiff stated that "[a]s of the filing of this reply[,] the plaintiff has incurred an additional $3,535 in attorney's fees for review of defendants response, research, and preparation and filing of this reply." [Doc. 135 at 12].

26

"When parties litigate the issue of attorney fees, the additional fees generated by that litigation are termed 'fees for fees.'" *Cotner v. Buffalo & Associates, PLC*, No. 3:11-cv-299, 2012 WL 1670552, at *6 (E.D. Tenn. May 14, 2012) (citing *Lamar Adver. Co. v. Charter Twp. of Van Buren*, 178 F. App'x 498, 502 (6th Cir. 1986)). Prior to August 1, 2016, this Court limited the hours that could be awarded for litigating attorney's fees. Specifically, the Court followed the rule announced in *Coulter v. Tennessee* that limited the amount of attorney's fees awarded to 3% of the hours in the main case when the issue is submitted on the papers without a trial and to 5% of the hours in the case after trial. *Coulter*, 805 F.2d 146, 151 (6th Cir. 1986), *abrogated on other grounds by, The Ne. Ohio Coal. For the Homeless v. Husted,* 831 F.3d 686 (6th Cir. 2016). In abrogating the rule in *Coulter,* the Sixth Circuit held that the "district court can correct any abuses at the fees for fees stage under the 'unreasonableness' standard." *Husted* at 722.

First, the Court addresses Plaintiff's additional request for fees for fees relating to the review of Defendant's response, research, and subsequent filing of a reply. Plaintiff fails to include any invoice or billing entries with regard to this request for additional fees for fees. Assuming Plaintiff's counsel billed at the hourly rate of $400, which he did in the two previous billing entries regarding the motion for attorney's fees, he therefore spent approximately 8.8 hours in preparing his reply. Thus, according to the Court's estimation, Plaintiff's total time spent litigating fees for fees is approximately 17.3 (4.0 + 4.5 + 8.8) hours.

The Court has already found that $350 represents a reasonable hourly fee for all work performed by Plaintiff's counsel in this case. Further, the Court previously detailed that Plaintiff's counsel charged $400 per hour for all previous billing entries regarding the motion for attorney's fees. Therefore, Plaintiff's additional fees for fees request should also be reduced to reflect this reduced hourly rate.

However, the Court also finds that $3,535 is an unreasonable amount billed for replying to Defendant's response, particularly in light of the lack of submitted billing entries. "The award-seeking party should submit evidence of the hours worked and the rates sought." *Husted*, 831 F.3d at 702 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "The documentation offered in support of the hours charged must be of sufficient detail and probative value to enable the court to determine with a high degree of certainty that such hours were actually and reasonably expended in the prosecution of the litigation." *United Slate Tile & Composition Roofers, Damp & Waterproof Workers Ass'n, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 502 n.2 (6th Cir. 1984). This evidence must be "sufficiently detailed to enable courts to review the reasonableness of the hours expended." *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 552 (6th Cir. 2008).

"Where the documentation of hours is inadequate, the district court may reduce the award accordingly." *Hensley*, 461 U.S. at 433. Here, the Court is unable to evaluate the reasonableness of the specific time expended in preparing Plaintiff's reply. Plaintiff "did not submit either billing records or an affidavit to establish as a factual matter his request for fees associated with the preparation of the Reply." *See Miller v. Berryhill*, 393 F. Supp. 3d 738, 745 (M.D. Tenn. 2019) (granting "the request for fees as originally sought" but not awarding "fees for the time spent on the plaintiff's Reply" in request for attorney's fees in Social Security case under the Equal Access to Justice Act); *see also Bio-Med. Applications of Kentucky, Inc. v. Coal Exclusive Co.*, No. CIV. 08-80-ART, 2011 WL 3568249, at *8 (E.D. Ky. Aug. 15, 2011) (collecting cases involving when counsel fails to "provide enough detail to allow the Court to determine the reasonableness of the time spent on each task" in the lodestar amount and reviewing that "[o]ne option is to simply reduce the award" while "[a]nother option in egregious situations is to disallow the award

28

altogether").  The Court acknowledges that it is able to discern the general object of the additional requested fees for fees—drafting Plaintiff's reply to Defendant's response to the motion for attorney's fees.  However, Plaintiff fails to detail how many hours were spent on legal research or the drafting of the thirteen-page reply.  Further, there were no complex issues to review in Plaintiff's reply, as he had already addressed the requested reasonable hourly rate and the degree to which the Court should evaluate the degree of success in his motion [Doc. 129].  While Plaintiff was entitled to respond to Defendant's arguments on these issues, as well as Defendant's claims regarding settlement offers, the Court finds that the requested fees for fees is an excessive amount.

As the Court cannot review the specific time expended on each entry, the Court recommends that Plaintiff's request for an additional $3,535 in attorney's fees be reduced by $2,500.  *See Abernathy v. Corinthian Colleges, Inc.*, No. 2:10-CV-131, 2014 WL 4272723, at *14 (S.D. Ohio Aug. 29, 2014) ("In the case presently before the Court, plaintiff Abernathy's evidence in support of her substantial request for fees is shockingly deficient.  As discussed infra, the lack of documentation and ambiguous billing entries require a significant reduction in order to reach a total of hours 'reasonably expended.'"), *report and recommendation adopted by,* 2014 WL 4829612 (S.D. Ohio Sept. 29, 2014); *cf. Bender v. Newell Window Furnishings, Inc.*, No. 1:06-CV-113, 2012 WL 12981764, at *11 (W.D. Mich. Mar. 30, 2012) ("While the balance of plaintiffs' documented charges could have been stated with greater specificity, the court does not find that the documentation was so inadequate as to require an across the board reduction.").

### 5.    Total Reduction of Fees

Lastly, the Court notes that Defendant does not dispute the requested costs in Plaintiff's Renewed Motion for Attorney's Fees, and the Court recommends that Plaintiff also be awarded

29

$2,562.35 in costs.  Therefore, the Court summarizes its recommendations on Plaintiff's request

for attorney's fees and costs below:

| Total Hours | Applicable Rate | Total Fee |
|---|---|---|
| 286.5 (including four-hour reduction for billing entries related to grand jury proceedings) | $350 (reduced rate for post-trial work) | $100,275 |
| 1.3 | $ 50 | $        65 |
| 0.4 | $  0 | $        0 |
| **288.2** | **Total:** | $100,340 |
|  |  | **Less** $878 reduction in requested fees in Motion for Attorney's Fees [Doc. 129] |
|  |  | **Plus $1,035 ($3535 - $2500)** for additional fees for fees |
|  |  | **Less 10%** reduction due to Degree of Success |
|  | **Total Recommended Fees:** | $ 90,447.30 |
|  | **Recommended Costs:** | $   2,562.35 |

## IV.    CONCLUSION

For the reasons explained above, the Court **RECOMMENDS**[6] that the Plaintiff's Motion

[**Doc. 129**] be **GRANTED IN PART AND DENIED IN PART**, and Defendant's Motion [**Doc.**

---

[6] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2).  Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure.  Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466 (1985).  The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986).  Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).

30

**132**] be **DENIED AS MOOT**.  Specifically, the Court **RECOMMENDS** that the Plaintiff be awarded a total amount of $90,447.30 in attorney's fees and $2,562.35 in costs.  Additionally, the Court **RECOMMENDS** that Defendant's Motion [**Doc. 132**] be **DENIED AS MOOT**.

Respectfully submitted,

Debra C. Poplin
United States Magistrate Judge