UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| LOGAN VANDERHOEF, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 3:16-CV-00508-TAV-DCP ) |
| MAURICE KELLY DIXON, | ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a dispute over attorney's fees and costs. On March 21, 2018, Plaintiff prevailed at trial on his 42 U.S.C. § 1983 claim as well as his related claims for assault and unlawful imprisonment [Doc. 103]. Plaintiff has now moved for an award of attorney's fees and costs [Doc. 129], to which Defendant has responded [Doc. 131] and Plaintiff has replied [Doc. 135]. Defendant then moved to pay the judgment to the Court [Doc. 132]. These motions were referred to the Magistrate Judge, who issued a Report and Recommendation ("R&R") recommending that Plaintiff's motion be granted in part and denied in part by awarding $90,447.30 in attorney's fees and $2,562.35 in costs, and that Defendant's motion be denied as moot [Doc. 136]. Defendant objected [Docs. 137, 138], and Plaintiff responded [Doc. 140].

For the reasons that follow, the R&R [Doc. 136] is **ADOPTED**, Plaintiff's motion for attorney's fees and costs [Doc. 129] is **GRANTED** as modified by the R&R, and Defendant's motion to pay judgment to the Court [Doc. 132] is **DENIED AS MOOT**.

## I. STANDARD OF REVIEW

A court must conduct a *de novo* review of those portions of a magistrate judge's report and recommendation to which a party objects unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "Objections disputing the correctness of the magistrate's recommendation, but failing to specify the findings believed to be in error are too general and therefore insufficient." *Stamtec, Inc. v. Anson*, 296 F. App'x 518, 519 (6th Cir. 2008) (citing *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006)). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made by the magistrate judge. 28 U.S.C. § 636(b)(1).

## II. BACKGROUND

On August 17, 2016, Plaintiff Logan Vanderhoef ("Plaintiff") initiated the present 42 U.S.C. § 1983 action against Defendants City of Maryville and Maurice Kelly Dixon ("Defendant") [Doc. 1]. Plaintiff's claims stems from an incident on May 16, 2016, during which Plaintiff crashed his vehicle into Defendant's vehicle [Doc. 1 p. 2]. Defendant, an off-duty police officer in civilian clothes, responded by pulling his weapon on Plaintiff and Plaintiff's passengers and holding them at gunpoint for roughly two (2) minutes [*Id.*]. At trial, the jury returned a verdict of guilty against Defendant on three charges: Section 1983 excessive force in violation of the Fourth Amendment, assault, and unlawful imprisonment [Doc. 103 pp. 1-4]. The jury awarded $500 for each claim, for a total of $1,500 [*Id.*]

2

Case 3:16-cv-00508-TAV-DCP   Document 141   Filed 08/12/20   Page 2 of 16   PageID #: 6387

Plaintiff moved for an award of attorney's fees and costs on March 30, 2018, seeking $76,435.00 in fees for the work of Attorney Van R. Irion ("Irion") and $2,562.35 in costs [Doc. 107 p. 1]. The Court held that motion in abeyance [Doc. 113] and granted Defendant's Motion for Judgment as a Matter of Law [Doc. 124]. Plaintiff appealed, and the Sixth Circuit reversed [Doc. 128]. Plaintiff moved again for attorney's fees and costs, this time seeking $104,567.00 and $2,562.35, respectively [Doc. 129 p. 1].[1] The Magistrate Judge recommended an award of $90,447.30 in attorney's fees and $2,562.35 in costs [Doc. 136 p. 1].

## III. ANALYSIS

Under the Civil Rights Attorney's Fees Award Act of 1976, 42 U.S.C. § 1988, a district court has discretion to award attorney's fees to a "prevailing party" in a civil rights action, including an action brought pursuant to 42 U.S.C. § 1983. 42 U.S.C. § 1988(b); *Gregory v. Shelby Cty.*, 220 F.3d 433, 446—47 (6th Cir. 2000). First, a district court considering a Section 1988 request must determine if the moving plaintiff was the "prevailing party." *Wayne v. Vill. of Sebring*, 36 F.3d 517, 531 (6th Cir. 1994) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The Supreme Court has described the formulation of "prevailing party" as "generous," including one who "succeed[s] on any significant issue in litigation which achieves some of the benefit the parties sought in

---

[1] As pointed out by the Magistrate Judge, Plaintiff's submitted billing entries [Doc. 129-1] note 292.20 hours for a total fee of $105,445, as well as $3,440.34 costs, but his motion [Doc. 129] instead requests $104,567 in fees and $2,562.35 in costs, a difference of $878 and $877.99, respectively, in the calculations. No explanation is provided for the reductions.

3

bringing suit." *Farrar v. Hobby*, 506 U.S. 103, 109 (1992) (internal quotation marks omitted) (quoting *Hensley*, 461 U.S. at 433).

The parties here agree that Plaintiff is a prevailing party within the ambit of Section 1988 [Doc. 129 p. 4; Doc. 131 p. 2]. The next question for a district court then is whether the request for attorney's fees is a "reasonable" one. *Wayne*, 36 F.3d at 531 (citation omitted). The starting point and "lodestar" of a reasonable attorney's fees calculation is "the proven number of hours reasonably expended on the case by an attorney, multiplied by a reasonable hourly rate." *Isabel v. City of Memphis*, 404 F.3d 404, 415 (6th Cir. 2005) (citation omitted). "To arrive at a reasonable hourly rate, courts use as a guideline the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record." *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004) (citing *Adcock-Ladd v. Sec'y of Treasury*, 227 F.3d 343, 350 (6th Cir. 2000)). The Sixth Circuit has outlined twelve (12) factors to consider when assessing the reasonableness of an attorney's reported hours and rate:

> (1) time and labor required; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time and limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in "similar cases."

*Isabel*, 404 F.3d at 415 (citation omitted). Ultimately, "the most critical factor in determining the reasonableness of a fee award is the degree of success obtained." *Farrar*,

4

506 U.S. at 114 (internal quotation marks omitted) (citation omitted). Even so, the Sixth Circuit has "repeatedly rejected mechanical reductions in fees based on the number of issues on which a plaintiff has prevailed . . . ." *Deja Vu v. Metro. Gov't of Nashville & Davidson Cty.*, 421 F.3d 417, 423 (6th Cir. 2005). Rather, "[w]hen claims are based on a common core of facts or are based on related legal theories, for the purpose of calculating attorney fees they should not be treated as distinct claims, and the cost of litigating the related claims should not be reduced." *Thurman v. Yellow Freight Sys., Inc.*, 90 F.3d 1160, 1169 (6th Cir. 1996).

### A. Entitlement to Fees

In Defendant's initial response to Plaintiff's request for attorney's fees, Defendant contended that Plaintiff was not entitled to *any* attorney's fees because his success was more properly characterized as *de minimis* [Doc. 131 p. 2]. Defendant is correct that the Supreme Court has concluded that "[i]n some circumstances, even a plaintiff who formally 'prevails' under § 1988 should receive no attorney's fees at all . . . [such as a] plaintiff who seeks compensatory damages but receives no more than nominal damages . . . ." *Farrar*, 506 U.S. at 115. The Magistrate Judge thoroughly considered this line of argument and concluded that Plaintiff here secured more than nominal damages [Doc. 136 pp. 9-11]. Specifically, unlike a traditional $1 nominal damage award, the jury awarded Plaintiff a total of $1,500, $500 each for his Section 1983, assault, and unlawful imprisonment claims [Doc. 103 pp. 1-4]. *Compare HLV, LLC v. Van Buren Cty.*, 784 F. App'x 451, 454 (6th Cir. 2019) (affirming the district court's denial of attorney's fees when the plaintiff "sought

5

considerable compensatory and punitive damages and was awarded only $1.00"), *with Hescott v. City of Saginaw*, 757 F.3d 518, 524 (6th Cir. 2014) (reversing the district court's denial of attorney's fees when the jury awarded $5,000 in damages for plaintiff's "actual, compensable injury" (citation omitted)). As such, the Magistrate Judge concluded that Plaintiff's damages were not nominal, such that he was entitled to reasonable attorney's fees [Doc. 136 p. 1]. Defendant's objection does not specifically question this recommendation or otherwise advance the argument that Plaintiff's damages were *de minimis*.[2] The Magistrate Judge's rejection of this argument is thereby adopted.

### B. Hourly Rate

Plaintiff requested that the Court award attorney's fees for Irion at an hourly rate of $350 per hour for trial-level work and $400 for appellate-level work [Doc. 129 pp. 11-12]. Defendant contended that these rates are not reasonable for the Knoxville-area [Doc. 131 p. 4]. Generally speaking, a district court assessing a reasonable hourly rate should "consider the prevailing market rate in the relevant community for the same type of work at issue." *Brooks v. Invista (Koch Indus.)*, No. 1:05-CV-328, 2008 WL 304893, at *3 (E.D. Tenn. Jan. 30, 2008) (citations omitted). This rate should be sufficient but not greater than "necessary to entice competent legal counsel to perform the work required . . . ."

---

[2] Defendant contends that "special circumstances" justify a denial of attorney's fees altogether because Plaintiff caused the car crash that gave rise to this entire case. [Doc. 138 p. 5]. This argument, unsupported by citation to authority and not presented to the Magistrate Judge, is rejected. *See McQueary v. Conway*, 614 F.3d 591, 604 (6th Cir. 2010) (noting that the Sixth Circuit has "never (to [its] knowledge) found a 'special circumstance' justifying the denial of fees." (citation omitted)).

*EEOC v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 966 (E.D. Tenn. 2017), *aff'd*, 899 F.3d 428 (6th Cir. 2018).

The Magistrate Judge considered Irion's experience[3] and the prevailing market rate in Knoxville and concluded that an hourly rate of $350 per hour is reasonable, for both trial-level and appellate-level work [Doc. 136 p. 13]. This rate is commensurate with rates awarded by this Court to other experienced civil rights attorneys. *See, e.g.*, *Herring v. SCI Tenn. Funeral Servs., LLC*, No. 2:15-CV-00280, 2018 WL 2406008, at *7 (E.D. Tenn. May 4, 2018) (setting an hourly rate of $350 for a lead attorney with eighteen (18) years of experience); *Hunter v. City of Copper Hill*, No. 1:09-CV-238, 2013 WL 5278673, at *5 (E.D. Tenn. Sept. 19, 2013) (awarding an hourly rate of $395 to a lead attorney "highly skilled in the practice of employment law").

As an initial matter, Plaintiff did not object to a downward reduction for Irion's appellate-level work from $400 an hour to $350 an hour. In his objection, Defendant repeats his contention that $350 per hour is not a reasonable rate for the Knoxville area. This objection, however, is confined to a footnote and merely repeats the fact already presented to the Magistrate Judge that Defendant's counsel charges only $250 per hour [Doc. 138 p. 4 n.1; Doc. 131-1 ¶ 6]. Without anything more to support Defendant's objection, it is overruled, and the Magistrate Judge's recommendation is adopted. The

---

[3] Plaintiff includes a declaration from Irion highlighting, inter alia, that he has been practicing law for fourteen (14) years, has practiced in numerous jurisdictions, is experienced in patent law, and has worked as a professor at the University of Tennessee College of Law [Doc. 129-2 ¶¶ 3-15].

7

Case 3:16-cv-00508-TAV-DCP   Document 141   Filed 08/12/20   Page 7 of 16   PageID #: 6392

Court agrees that a rate of $350 per hour is reasonable when compared to the prevailing market rate in this area.

## C. Number of Hours Billed

Plaintiff initially reported that Irion spent a total of 292.20 hours working on this case, including trial preparation, the subsequent appeal to the Sixth Circuit, and the present attempt to secure attorney's fees [Doc. 129-1 p. 1]. Defendant asserts, in short, that these hours must be greatly reduced to account for the parts of the case in which Plaintiff did not succeed [Doc. 131 p. 3]. The Sixth Circuit has cautioned that "[a]n award based on the total number of hours reasonably expended on the litigation might, however, result in an excessive amount if the claimant has achieved only partial success." *Imwalle v. Reliance Med. Prod., Inc.*, 515 F.3d 531, 552 (6th Cir. 2008) (citing *Hensley*, 461 U.S. at 435). In other words, even after the lodestar is calculated, a district court should consider whether the total amount awarded is reasonable in light of "the relationship between the fee awarded and the success obtained." *Hines v. City of Columbus*, 676 F. App'x 546, 556 (6th Cir. 2017) (citation omitted). As explained by the Sixth Circuit, "when a plaintiff achieves limited success, a fee award based on the lodestar calculation may be excessive, even if the claims are interrelated and nonfrivolous." *Id*. (citing *Hensley*, 461 U.S. at 436). On the other hand, "[b]ecause damages awards do not reflect fully the public benefit advanced by civil rights litigation, Congress did not intend for fees in civil rights cases, unlike most private law cases, to depend on obtaining substantial monetary relief." *City of Riverside v. Rivera*, 477 U.S. 561, 575 (1986).

The Magistrate Judge thoroughly and properly compared the fee requested by Plaintiff with his success throughout the litigation. Notably, the Magistrate Judge already accounted for the following: Plaintiff was only awarded $500 in damages on his excessive force claim; Plaintiff's appeal to the Sixth Circuit established new precedent on the use of force;[4] and Plaintiff's claims against the City of Maryville were dismissed [Doc. 136 pp. 17-18]. As such, the Magistrate Judge recommended a ten percent (10%) overall reduction to account for Plaintiff's claims that were dismissed at summary judgment [Doc. 136 p. 19]. This recommendation is comparable to past decisions reached by other district courts in this circuit. *See, e.g., Monce v. Marshall Cty. Bd. of Educ.*, No. 1:16-CV-00007, 2019 WL 2269880, at *6 (M.D. Tenn. May 28, 2019) ("Plaintiff achieved a limited result. She failed to obtain a verdict on the Fourth Amendment disclosure of prescription medicine claim and on her ADA claim, and obtained only nominal damages on the Fourth Amendment compelled drug tests claim. On the other hand, Plaintiff vindicated an important, relatively novel Fourth Amendment right . . . . In the exercise of its discretion, therefore, the Court concludes that a reasonable fee award in this case is $ 75,000.").

Interestingly, it is not Plaintiff who objects to this determination, even though he is the one negatively impacted by this across-the-board reduction in his attorney's fees. Rather, it is Defendant who continues to argue that Plaintiff's fees should be zero or should be reduced by a greater percentage [Doc. 138 p. 6]. It is true that "[t]here is no precise rule or formula for making these determinations" and "[t]he court necessarily has discretion in

---

[4] *See Vanderhoef v. Dixon*, 938 F.3d 271 (6th Cir. 2019).

9

making this equitable judgment." *Hensley*, 461 U.S. at 436-37. Defendant, however, has offered no explanation for why this Court should overrule the equitable judgment of the Magistrate Judge who, as noted, exercised her discretion in light of the considerations identified by the Supreme Court and the Sixth Circuit. Seeing no reason to stray from this well-reasoned recommendation, the recommended ten percent (10%) reduction is adopted.

In a similar line of argument, Defendant contends that all hours spent on Plaintiff's failed claims against the City of Maryville should be removed from the lodestar calculation [Doc. 131 p. 5]. The Sixth Circuit has explained that when a plaintiff succeeds on some claims but not others, he or she may still recover attorney's fees for the entire case when the "meritorious and unmeritorious claims . . . 'arise out of a common core of facts, and involve related legal theories . . . .'" *Green Party of Tenn. v. Hargett*, 767 F.3d 533, 553 (6th Cir. 2014) (quoting *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 789 (1989)). In many cases, an attorney's time is "devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis." *Hensley*, 461 U.S. at 435. The Magistrate Judge considered this argument and concluded that the successful claims against Defendant and the unsuccessful claims against the City of Maryville arose from a common core of facts and legal theories [Doc. 136 pp. 21-22]. As before, Defendant objects to this determination but does not explain why. More specifically, Defendant does not counter the Magistrate Judge's analysis and adroit case law citations that support her conclusion that the claims against Defendant and the City of Maryville were interrelated [Doc. 136 p. 21]. *See, e.g.*, *Bryant v. Nighbert*, No. 03-183,

10

2005 WL 2234636, at *5-6 (E.D. Ky. Sept. 14, 2005) (finding plaintiff's successful excessive force claim against an individual officer was related to unsuccessful claims against the city and defendants in their official capacities that the city had a policy or custom condoning the use of force). Moreover, the Magistrate Judge already took the unsuccessful claims against Maryville into account when she recommended a ten percent (10%) overall reduction in Plaintiff's fees.

Defendant also argued that certain "unrelated entries" should be removed, namely entries related to grand jury proceedings [Doc. 131 p. 5 n.1]. The Magistrate Judge considered this issue and agreed with Defendant "that unrelated criminal grand jury proceedings are not encompassed by the term 'proceeding' within § 1988, and thus are not compensable under 42 U.S.C. § 1988(b)" [Doc. 136 p. 23]. Plaintiff's invoice, however, shows that time spent on the grand jury matter is intertwined with time spent on this case, *see* [Doc. 129-1]. The Magistrate Judge identified twenty-three (23) billing entries that included at least some time spent on the grand jury matter, totaling 16.9 hours, and recommended an overall four-hour reduction of the billing entries [Doc. 136 p. 24]. Again, even though the Defendant is the party that benefited from this reduction, he now objects and contends that the four-hour reduction is "insufficient" [Doc. 138 p. 10]. Given that the Magistrate Judge combed through the invoice to find all entries related to the grand jury proceeding, this Court sees no reason to depart from her recommendation that roughly four (4) hours were spent on this non-compensable matter.

11

Defendant does, however, make the more specific argument that Plaintiff's counsel's practice of "block billing"[5] his work makes it difficult for the Court to determine what time is compensable [Doc. 138 p. 10]. The Sixth Circuit has held that block billing can be sufficient "so long as the description of the work performed is adequate," but also that "[w]here the documentation is inadequate, the district court may reduce the award accordingly." *Smith v. Serv. Master Corp.*, 592 F. App'x 363, 371 (6th Cir. 2014) (citation omitted). Defendant is correct that Plaintiff's use of block billing makes it more difficult to tease out exactly how many hours were attributable to the non-compensable grand jury work. Defendant's problem, however, is that the Magistrate Judge already considered these block-billed hours and recommended a reduction in the award as a result [Doc. 136 p. 24]. Any decision by this Court to overrule her determination would be arbitrary and would run roughshod over the Magistrate Judge's use of her discretion when recommending a fee deduction. Beyond requesting that the Court do just that, Defendant provides no good reason for disturbing the Magistrate Judge's recommended fee reduction.

Finally, Defendant contends that attorney's fees related to administrative/clerical tasks and related to media interaction should be excluded [Doc. 138 pp. 11—3]. These arguments, however, are not objections to the R&R; they are new arguments that should

---

[5] "[B]lock billing refers to the time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Oakley v. City of Memphis*, No. 06-2276 A/P, 2012 WL 2682755, at *3 (W.D. Tenn. June 14, 2012), *report and recommendation adopted*, No. 06-2276-STA-TMP, 2012 WL 2681822 (W.D. Tenn. July 6, 2012), *aff'd*, 566 F. App'x 425 (6th Cir. 2014) (alteration in original) (internal quotation marks omitted) (citation omitted).

12

have been raised before the Magistrate Judge in the first instance. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000) (noting that new arguments raised for the first time in a party's objection to a magistrate judge's report and recommendation are considered waived).

In conclusion, the Magistrate Judge's recommendation properly assessed each individual time entry and Plaintiff's overall degree of success in the litigation. As such, the Court accepts the recommendation that Plaintiff's fee request be reduced by four (4) hours for non-compensable grand jury work and then overall by ten percent (10%).

**D.     Settlement Offer**

Defendant initially argued that Plaintiff was not entitled to any fees incurred after Defendant made a settlement offer pursuant to Fed. R. Civ. P. 68, which Plaintiff rejected [Doc. 131 p. 5]. "Rule 68 permits a party defending against a claim to make a pretrial settlement offer, and if the claimant rejects the offer but then obtains a judgment that is less favorable, the claimant 'must pay the costs incurred after the offer was made.'" *Hescott*, 757 F.3d at 527 (quoting Fed. R. Civ. P. 68(d)). Defendant stated that he offered Plaintiff $5,000 to settle the case, and that Plaintiff only received a $1,500 judgment after he rejected this offer [Doc. 131 p. 5]. The Magistrate Judge concluded that Rule 68 did not apply, however, because there was no evidence in the record of an offer compliant with Rule 68, nor did Defendant provide any specific details about the terms of said offer [Doc. 135 p. 25]. At most, it appears that the parties engaged in an informal settlement negotiation, which is insufficient to trigger Rule 68. *See Kritcher v. Prudential Sec., Inc.*, 799 F. App'x

13

376, 379 (6th Cir. 2020) ("The record contains no offers of settlement from [defendant] nor any offer of judgment under Rule 68." (citation omitted)); *McKelvey v. Sec'y of U.S. Army*, 768 F.3d 491, 498 (6th Cir. 2014) ("Some circuit courts, to be sure, have expressed skepticism of fee reductions based on informal settlement offers. We share their concerns." (internal citations omitted)).

Defendant does not object to this determination. As such, the recommendation is adopted, and the Court will not reduce Plaintiff's fees under Rule 68 or on account of Plaintiff's rejection of Defendant's settlement offer.

### E. Fees for Fees

Plaintiff's request for fees includes a request for so-called "fees for fees"—i.e., fees for the time spent litigating the award of attorney's fees [Doc. 129-1 pp. 13—15]. "When parties litigate the issue of attorney fees, the additional fees generated by that litigation are termed 'fees for fees.'" *Cotner v. Buffaloe & Assocs., PLC*, No. 3:11-CV-299, 2012 WL 1670552, at *6 (E.D. Tenn. May 14, 2012) (citation omitted). Fees for fees are recoverable but are subject to reasonable limitations. *The Ne. Ohio Coal. for the Homeless v. Husted*, 831 F.3d 686, 722 (6th Cir. 2016). The Magistrate Judge found that much of Plaintiff's fees for fees request was undocumented or overstated. As such, the Magistrate Judge recommended a reduction of $2,500 [Doc. 136 pp. 28-29]. Neither party objected to this determination, and it is thereby adopted.

In Plaintiff's response to Defendant's objection to the R&R, Plaintiff again requests fee for fee compensation for the 11.2 hours that counsel spent researching and drafting the response—what one might call a request for fees for fees for fees [Doc. 140 p. 10]. This request is denied for three reasons. First, Plaintiff's response provides little in the way of new analysis not already presented in Plaintiff's first motion for attorney's fees, Plaintiff's second motion for attorney's fees, and Plaintiff's reply regarding attorney's fees, such that awarding an additional $3,920.00 seems excessive, *see* [Docs. 107, 129, 135, 140]. Second, Plaintiff provides no supporting documentation regarding how these 11.2 hours were spent, which makes it nearly impossible to determine whether this time was used "reasonably." Finally, after one party objects to a Magistrate Judge's recommendation, the other "party *may* respond to another party's objections within 14 days . . . ." Fed. R. Civ. P. 72(b)(2) (emphasis added). The attorney's fees issue was already fully argued before the Magistrate Judge, who issued a ruling largely in Plaintiff's favor—an award of $90,447.30 in attorney's fees and $2,562.35 in costs. As such, Plaintiff's decision to respond to Defendant's objection was purely discretionary, especially given that Plaintiff's response added little to this already voluminously-briefed topic. Plaintiff's additional request for fees is therefore denied.

### F.     Fee and Cost Calculation:

This helpful chart summarizing the calculation of Plaintiff's awarded attorney's fees and costs was provided by the Magistrate Judge [Doc. 136 p. 30] and is reproduced here for the convenience of the parties:

15

| Total Hours | Applicable Rate | Total Fee |
|---|---|---|
| 286.5 (including four-hour reduction for billing entries related to grand jury proceedings) | $350 (reduced rate for post-trial work) | $100,275 |
| 1.3 | $ 50 | $ 65 |
| 0.4 | $ 0 | $ 0 |
| **288.2** | **Total:** | $100,340 |
| | | **Less** $878 reduction in requested fees in Motion for Attorney's Fees [Doc. 129] |
| | | **Plus $1,035 ($3535 - $2500)** for additional fees for fees |
| | | **Less 10%** reduction due to Degree of Success |
| | **Total Recommended Fees:** | $ 90,447.30 |
| | **Recommended Costs:** | $ 2,562.35 |

## IV. CONCLUSION

For the reasons set forth above, the Report and Recommendation [Doc. 136] is **ADOPTED** as and for the opinion of this Court; Defendant's Objection [Doc. 137] to the R&R is **OVERRULED**; Plaintiff's Second Motion for Attorney's Fees and Costs [Doc. 129] is **GRANTED** as modified by the R&R; and Defendant's Motion for Payment of Judgement to the Court [Doc. 132] is **DENIED AS MOOT**. Defendant is hereby responsible for $90,447.30 in attorney's fees and $2,562.35 in costs.

**IT IS SO ORDERED.**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE